Order Filed on September 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>UNIROYAL HOLDING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-18668 (MBK)<br><br>Judge: Michael B. Kaplan<br><br>(Jointly Administered) |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) APPROVING SOLICITATION, NOTICE, AND TABULATION PROCEDURES AND FORMS RELATED THERETO, (III) SCHEDULING A CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR PLAN CONFIRMATION, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered 3 through 18, is hereby **ORDERED**.

**DATED: September 23, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Samuel A. Newman (admitted *pro hac vice*)
Michael C. Godbe (admitted *pro hac vice*)
Evan M. Raskin (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
nlabovitz@debevoise.com
snewman@debevoise.com
mcgodbe@debevoise.com
emraskin@debevoise.com

**DUANE MORRIS LLP**
Morris S. Bauer (NJ Bar No. 039711990)
Drew S. McGehrin (NJ Bar No. 196852016)
Klara Bradbury (admitted *pro hac vice*)
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2037
msbauer@duanemorris.com
dsmcgehrin@duanemorris.com
kbradbury@duanemorris.com

*Co-Counsel to the Debtors and Debtors in Possession*

Upon the motion (the "**Motion**")[2] of the Debtors pursuant to sections 105, 502, 1107, 1108, 1125, 1126, and 1128 the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, 9006, 9007 and 9008 and Local Rules 3018-1, 9013-1, and 9013-2, for entry of an order (this "**Order**") (a) approving the Disclosure Statement; (ii) approving solicitation, notice, and tabulation procedures and forms related thereto; (iii) scheduling a confirmation hearing; (iv) establishing notice and objection procedures for confirmation of the Plan; and (v) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Motion and the relief requested being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and at the Hearing establish just cause for the relief granted, and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and upon all of the proceedings had before

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that;

**IT IS HEREBY FOUND THAT:**

A. The Debtors have all the necessary authority to propose and prosecute the Plan and the Disclosure Statement.

B. The Debtors have provided adequate notice of the Motion and the time fixed for filing objections thereto, and no other or further notice need be provided with respect to the Motion.

C. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code. No further information is necessary.

D. The period, set forth below, during which the Debtors may solicit the Plan is a reasonable and adequate period of time under the circumstances for claimants in the Voting Class to make an informed decision to accept or reject the Plan, including to make an informed decision to object to the Plan or to opt-out of the Consensual Third-Party Releases.

E. The period, set forth below, during which the Debtors may solicit opt-outs of the Consensual Third-Party Releases is a reasonable and adequate period of time under the circumstances for claimants in the Non-Voting Classes to make an informed decision to opt-out of the Consensual Third-Party Releases or to object to the Plan.

F. The notice substantially in the form attached hereto as **Exhibit 1** (the "**Confirmation Hearing Notice**") and the procedures set forth below for providing such notice to Holders of Known Claims and Interests and unknown Holders of Claims and Interest of

the time, date and place of the Confirmation Hearing, and the contents of the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

G. The Solicitation and Voting Procedures satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and provide for a fair and equitable process. The forms of the Individual Ballot and Master Ballot attached hereto as **Exhibits 3** and **4**, respectively, are sufficiently consistent with Official Form No. 314, adequately address the particular needs of these chapter 11 cases, and are appropriate for the Voting Classes to vote to accept or reject the Plan and to opt-out of the Consensual Third-Party Releases.

H. The notice of non-voting status and opt-out form substantially in the form attached hereto as **Exhibit 5** (the "**Opt-Out Form**" and, together with the Confirmation Hearing Notice, the "**Non-Voting Notice**"), the procedures set forth below for providing such notice to Holders of Claims or Interests in the Non-Voting Classes of their non-voting status, and the content of the Non-Voting Notice, comply with the requirements of the Bankruptcy Code and are appropriate for the Non-Voting Classes who are deemed to accept or reject the Plan.

I. Pursuant to the Plan, Holders of Claims Class 4, are entitled to vote on account of such Claims.

J. Pursuant to the Plan, Holders of Claims in Classes 1, 2 and 3 are Unimpaired under the Plan and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are presumed to accept the Plan and are not entitled to vote on account of such Claims.

K. Pursuant to the Plan, Holders of Claims in Class 5 and Holders of Interests in Class 6 will not receive or retain any property under the Plan and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, Holders of Claims in Class 5 and Interests in Class 6 are deemed to reject the Plan and are not entitled to vote on account of such Claims and Interests.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Disclosure Statement is approved under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3. The Confirmation Schedule is approved in its entirety as follows:

| EVENT | DATE | DESCRIPTION |
|---|---|---|
| Voting Record Date | September 23, 2026 | Date to determine which Holders of Claims are entitled to vote on the Plan (the “**Voting Record Date**”). |
| Solicitation Deadline | Four business days following entry of the Solicitation and Voting Procedures Order | Date by which the Debtors will distribute Solicitation Packages to Holders of Claims in the Voting Class and Non-Voting Notices (defined below) to Holders of Claims and Interests in the Non-Voting Classes, with the exception of Holders of Claims in Class 5 (the “**Solicitation Deadline**”). |
| Publication Deadline | Two business days after entry of the Solicitation and Voting Procedures Order, | Date by which the Debtors will submit for publication the Publication Notice, with any modifications necessary for ease of publication, on one occasion in the national edition of The New York Times or The Wall Street Journal, or another publication of similar |

| EVENT | DATE | DESCRIPTION |
|---|---|---|
| | | circulation, as determined by the Debtors, to provide notice to any other potential interested parties (the "**Publication Deadline**"). |
| Deadline to File Plan Supplement | October 20, 2026 | Date by which the Debtors will file the Plan Supplement. |
| Voting Deadline | October 27, 2026, at 4:00 p.m. prevailing Eastern Time | Date by which all Ballots and Opt-Out Forms must be actually received by the Balloting Agent (the "**Voting Deadline**"). |
| Plan Objection Deadline | October 27, 2026, at 4:00 p.m. prevailing Eastern Time | Date by which objections to confirmation of the Plan must be filed with the Court (the "**Plan Objection Deadline**"). |
| Plan Objection Reply Deadline | October 30, 2026 | Date by which the Debtors must file their brief in support of confirmation of the Plan and reply to any objections (the "**Plan Objection Reply Deadline**"). |
| Deadline to File Certification of Balloting | October 30, 2026 | Date by which the report tabulating the voting on the Plan shall be filed with the Court. |
| Confirmation Hearing | November 3, 2026 at 2:30 p.m. prevailing Eastern Time | Date of hearing for confirmation of the Plan (the "**Confirmation Hearing**"). |
| Government Bar Date | January 27, 2027 at 5:00 p.m. prevailing Eastern Time | Date by which any governmental unit must file a proof of claim for a prepetition claim, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party ("**Government Bar Date**"). |

4. The Confirmation Hearing is scheduled for **November 3, 2026, at 2:30 p.m. prevailing Eastern Time**. The Plan Objection Deadline is **October 27, 2026, at 4:00 p.m. prevailing Eastern Time**. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court.

5. The deadline for the Debtors to file the Certification of Balloting is **October 30, 2026**.

6. The Deadline for the Debtors (and other parties in support of the Plan) to file a brief in support of confirmation of the Plan or a reply to any objections to confirmation of the Plan is **October 30, 2026.**

7. Objections to confirmation of the Plan, if any, must:

a. be in writing;

b. conform to the Bankruptcy Rules and Local Rules;

c. state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

d. state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e. be filed, together with a proof of service, with the Court and served on the following parties: (i) counsel to the Debtors (A) Debevoise and Plimpton LLP, 66 Hudson Blvd., New York, NY 10001 (Attn: M. Natasha Labovitz, Samuel Newman, Michael Godbe, and Evan Raskin) and (B) Duane Morris LLP, 200 Campus Drive, Suite 300, Florham Park, NJ 07932 (Attn: Morris Bauer, Drew McGehrin, and Klara Bradbury) and (ii) the Office of the United States Trustee for Region 3, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder).

8. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 1**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved in all respects. The Confirmation Hearing Notice shall be served upon the Debtors' creditors and all parties requesting notice pursuant to Bankruptcy Rule 2002 **within four business days following entry of the Solicitation and Voting Procedures Order**.

9. The form of Individual Ballot attached hereto as **Exhibit 3** is hereby approved in all respects.

10. The form of Master Ballot attached hereto as **Exhibit 4** is hereby approved in all respects.

11. The Opt-Out Form, substantially in the form attached hereto as **Exhibit 5**, is hereby approved in all respects. The Non-Voting Notice, consisting of the Confirmation Hearing Notice and the Opt-Out Form, is hereby approved in all respects.

12. As part of the Solicitation Package sent to Known counsel who represent one Holder of a PI/WD Claim in their capacity as such, the Debtors shall distribute the Individual Ballot.

13. As part of the Solicitation Package sent to Known counsel who represent more than one Holder of a PI/WD Claim in their capacity as such, the Debtors shall distribute the Master Ballot.

14. The Solicitation Package shall contain (a) directions on how to obtain the Plan Documents, in electronic format from the Debtors' case website via a provided QR code; (b) the

Confirmation Hearing Notice; (c) the Individual Ballot or the Master Ballot, as applicable; and (d) pre-addressed, return envelopes for completed Ballots.

15. The Debtors shall serve the Solicitation Package on Known counsel to Holders of Claims in the Voting Class unless such counsel request, in the manner prescribed in section (IV)(a)(i)(2) of the Solicitation and Voting Procedures (which allows service by first class mail) that the Debtors solicit their client(s) directly in which case the Debtors shall serve the Solicitation Package, containing an Individual Ballot, on the respective Holder.

16. Upon request by counsel who are not authorized to vote for their client, the Debtors will distribute Individual Ballots to such counsel, *provided* that such request is in the manner prescribed in section (IV)(a)(i)(2) of the Solicitation and Voting Procedures.

17. The Debtors shall serve the Solicitation Packages, containing an Individual Ballot, directly on Unrepresented Claimants via first class mail.

18. The Debtors shall distribute the Solicitation Packages on or before the Solicitation Deadline.

19. If either (i) an individual who holds or asserts a PI/WD Claim requests a Solicitation Package by notice to the Balloting Agent in a manner sufficient to provide the Balloting Agent with knowledge of such request, which notice may be by email to UniroyalInquiries@OmniAgnt.com with "Uniroyal –Ballot" in the subject line or by contacting the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International), no later than 14 days prior to the Voting Deadline, and provided that in each case the individual

provides a valid and current mailing address therewith, or (ii) an attorney who represents or purports to represent the Holder of a PI/WD Claim furnishes the name and address of the individual to the Balloting Agent and certifies that such attorney represents such Holder, then the Balloting Agent will cause a Solicitation Package with an Individual Ballot to be mailed, together with a Ballot, directly to each such individual who holds or asserts such PI/WD Claim within five Business Days after receiving such request. If an individual who holds or asserts a PI/WD Claim signs and files a proof of PI/WD Claim prior to the Solicitation Deadline, then the Balloting Agent will cause a Solicitation Package, together with an Individual Ballot, to be mailed directly to such individual by the Solicitation Deadline.

20. The Debtors shall distribute the Non-Voting Notices on or before the Solicitation Deadline.

21. The Non-Voting Notices shall be served upon all Holders of Claims or Interests in the Non-Voting Classes, except Holders of Claims in Class 5.

22. No Holders of Claims or Interests in the Non-Voting Classes, nor their counsel, will be provided with a Ballot because such Holders either are unimpaired or recover nothing on account of their Claim or Interest under the Plan and are therefore presumed to accept or reject, respectively, the Plan under sections 1126(f) and 1126(g) of the Bankruptcy Code.

23. The Voting Deadline shall be **October 27, 2026, at 4:00 p.m. prevailing Eastern Time** for Holders of Claims and Interests in the Voting Class and Non-Voting Classes.

24. The Solicitation and Voting Procedures attached hereto as **Exhibit 2** are hereby approved in their entirety, provided that the Debtors reserve the right to amend or supplement the Solicitation and Voting Procedures and related documents to better facilitate the confirmation process upon notice to the U.S. Trustee and the Official Committee of Tort Claimants (as defined in the Disclosure Statement).[3]

25. In order to properly submit a Ballot or an Opt-Out Form, parties must fully complete and execute the appropriate Ballot or Opt-Out Form, as applicable. Individual Ballots and Opt-Out Forms may be returned by first class mail, over-night courier, or hand-delivery to the Balloting Agent at the address set forth in the Individual Ballots and Opt-Out Forms so as to be received by the Balloting Agent on or before the Voting Deadline.

26. Alternatively, parties may submit on or before the Voting Deadline (a) an Individual Ballot via electronic online transmission solely through the online portal on the Debtors' case website, at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab, selecting "Submit Individual Ballot" (the "**Individual Balloting Portal**") and (b) an Opt-Out Form via electronic online transmission solely through the online portal on the Debtors' case website at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab, selecting "Electronic Opt-Out" (the "**Opt-Out Portal**") and following the applicable instructions therein. For the avoidance of doubt, any Ballot or Opt-Out Form that is mistakenly submitted via the

[3] If there is a discrepancy between the terms herein and the Solicitation and Voting Procedures, the Solicitation and Voting Procedures shall govern and control.

incorrect online portal but otherwise properly completed, executed, and timely submitted will be accepted.

27. Master Ballots may only be submitted via the law firm master ballot portal on the Debtors' case website at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab, selecting "Submit Firm Master Ballot" (the "**Law Firm Master Ballot Portal**") and following the instructions therein.

28. Ballots and Opt-Out Forms otherwise sent by facsimile, telecopy, or electronic submissions (other than through the applicable online portal) will not be accepted, nor for the avoidance of doubt will any other form of ballot be accepted, unless written permission to do so has been granted by the Debtors to the respective party prior to the submission thereof. Only properly completed, executed, and timely submitted Ballots and Opt-Out Forms will be accepted.

29. The following Ballots and Opt-Out Forms, as applicable, will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected and/or the Consensual Third-Party Release has been opted-out of:

a. any Ballot or Opt-Out Form received after the Voting Deadline (as may be extended by the Debtors as provided herein);

b. any Ballot or Opt-Out Form that is illegible or contains insufficient information to permit the identification of the claimant;

c. any Ballot that indicates both an acceptance and rejection of the Plan;

d. any Ballot that is not completed, including, without limitation, a Master Ballot with respect to PI/WD Claims on which the attorney fails to make the required certification;

e. In order to prevent any Holders of Claims from making a split election with respect to Claims they hold within the same class, any Opt-Out Form that indicates that the Holder makes part of its election in the same Class to opt-out of the Consensual Third-Party Releases and that the Holder has not opted-out of the Consensual Third-Party Releases with respect to part of its Claim in the same Class;

f. any form of Ballot or Opt-Out Form other than the forms sent by the Balloting Agent, or a copy thereof;

g. any Opt-Out Form received that the Balloting Agent cannot match to an existing database record;

h. any Ballot or Opt-Out Form that does not contain an original signature;[4]

i. any Ballot or Opt-Out Form that is submitted by facsimile, email, or by other electronic means (other than through the Individual Balloting Portal, Law Firm Master Ballot Portal, Opt-Out Portal, as applicable);

j. Any Master Ballot that is submitted other than through the Law Firm Master Ballot Portal; or

k. any Ballot or Opt-Out Form sent to the Debtors' professionals or to the Balloting Agent at any address other than the official address set forth on the Ballot or Opt-Out Form, as applicable.

30. Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtors may waive any defects or irregularities as to any particular Ballot or Opt-Out Form at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Certification of Balloting prepared by the Balloting Agent.

[4] For the avoidance of doubt, any Ballot or Opt-Out Form submitted online, through the applicable portal in accordance with the instructions therein, will be deemed to contain an original signature.

31. All PI/WD Claims shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

32. The following conditions for purposes of determining the voting amounts or classifications shall apply, to the extent such Claim is not withdrawn or otherwise satisfied:

a. if the Debtors have filed an objection or request for estimation as to a Claim at least fourteen days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

b. for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

c. notwithstanding anything to the contrary contained herein, any counsel to a creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one appropriate Ballot, regardless of whether the Debtors have objected to such duplicate Claims; and

d. If a Proof of Claim has been amended by a later Proof of Claim that is filed on or before the Record Date, the later filed amended Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proof of Claim after the Record Date shall not be considered for purposes of these tabulation rules.

33. The Voting Record Date shall be September 23, 2026.

34. The Debtors shall submit by the Publication Deadline a form of the Confirmation Hearing Notice (modified as necessary) for publication on one occasion in the national edition of either *The New York Times* or *The Wall Street Journal*.

35. With the exception of parties in the Voting Class and Non-Voting Classes, the Debtors shall mail only the Confirmation Hearing Notice to all parties requesting notice pursuant to Bankruptcy Rule 2002 and any other parties on the Master Service List, and shall not be required to mail any Plan Documents to such parties. Instead, the Debtors are authorized to provide in the Confirmation Hearing Notice directions for such parties to obtain electronic copies of the Plan Documents from the Debtors' case website via a provided QR code.

36. To the extent Claims in the Voting Class are subject to an objection that is filed with the Court on or before fourteen days before the Voting Deadline, the Holder of such Claim shall not be entitled to vote to accept or reject the Plan unless one or more of the following has occurred no later than two days before the Voting Deadline (each, a "**Resolution Event**"):

a. an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

b. an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

c. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

d. the pending objection is voluntarily withdrawn by the objecting party.

37. The Debtors are authorized to make non-material changes to the Disclosure Statement, Plan, Solicitation and Voting Procedures, Non-Voting Notice, Individual Ballot, Master Ballot, Confirmation Hearing Notice, Publication Notice, and related papers and pleadings without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before providing service thereof upon notice to the U.S. Trustee and the Official Committee of Tort Claimants (as defined in the Disclosure Statement).

38. Notwithstanding the relief granted in this Order and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (a) an admission as to the amount, basis, or validity of any particular claim against a Debtor; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission relating to any lien, security interest or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any of the Debtors' rights under the Bankruptcy Code or other applicable law.

39. The Debtors are authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

40. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.

41. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

# Exhibit 1

## Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>UNIROYAL HOLDING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-18668 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF (A) APPROVAL OF THE DISCLOSURE STATEMENT AND (B) HEARING TO CONSIDER CONFIRMATION OF THE PLAN AND THE OBJECTION DEADLINE RELATED THERETO**

TO ALL PARTIES IN INTEREST, PLEASE TAKE NOTICE THAT:

1. **Filing of the Disclosure Statement and Plan**. On July 31, 2026, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Disclosure Statement for the Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 20] (as amended from time to time and including all exhibits and supplements thereto, the "**Disclosure Statement**") and *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 18] (as may be amended, supplemented or modified, including all exhibits thereto, the "**Plan**").[2]

2. **Bankruptcy Court Approval of the Disclosure Statement and the Notice Procedures**. On [●], 2026, the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered an order [Docket No. [●]] (the "**Solicitation and Voting Procedures Order**") approving, among other things, the Disclosure Statement and authorizing the Debtors to provide notice of their intent to seek confirmation of the Plan pursuant to certain procedures set forth therein, including the solicitation of votes to accept or reject the Plan. The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. If there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

3. **The Confirmation Hearing**. A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will commence on **November 3, 2026, at 2:30 p.m. prevailing Eastern Time** before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom [●] of the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Trenton, New Jersey. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Confirmation Hearing by further action of the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

4. **Objections to Confirmation of the Plan**. The Bankruptcy Court has established **October 27, 2026, at 4:00 p.m. prevailing Eastern Time**, as the last date and time for filing and serving objections to confirmation of the Plan (the "**Plan Objection Deadline**"). Any objection to confirmation of the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity, (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed with the Clerk of the Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, and served on the following: (i) counsel to the Debtors (A) Debevoise and Plimpton LLP, 66 Hudson Blvd., New York, NY 10001 (Attn: M. Natasha Labovitz, Samuel Newman, Michael Godbe, and Evan Raskin) and (B) Duane Morris LLP, 200 Campus Drive, Suite 300, Florham Park, NJ 07932 (Attn: Morris Bauer, Drew McGehrin, and Klara Bradbury) and (ii) the Office of the United States Trustee for Region 3, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 (Attn: Jeffrey M. Sponder), with proof of service of such objection filed when and as required under the Local Rules of the Bankruptcy Court.

5. The following chart summarizes the classification and treatment of Claims and Interests under the Plan:

[*Remainder of page left intentionally blank*]

| Class | Claim or Interest Description | Summary of Treatment | Entitled to Vote | Estimated Midpoint Amount of Asserted Claims[3] | Estimated Recovery |
|---|---|---|---|---|---|
| 1 | Secured Claims | On the Effective Date, or as soon as reasonably practicable thereafter, except to the extent that a Holder of a Secured Claim and the Debtors or Plan Administrator, as applicable, agree to less favorable treatment for such Holder, in full and final satisfaction of the Secured Claim, each Holder thereof will receive: (1) payment in full in Cash if such Claim is Allowed as of the Effective Date, and otherwise from the Disputed Claims Reserve; (2) delivery of the collateral securing any such Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; or (3) such other treatment rendering such Claim Unimpaired. | Not Entitled to Vote (Deemed to Accept) | $0.00 | 100% |
| 2 | Other Priority Claims | On the Effective Date, or as soon as reasonably practicable thereafter, except to the extent that a Holder of an Allowed Other Priority Claim and the Debtors or Plan Administrator, as applicable, agree to less favorable treatment for such Holder, in full and final satisfaction of the Allowed Other Priority Claim, each Holder thereof will receive: (1) payment in full in Cash if such Claim is Allowed as of the Effective Date, and otherwise from the Disputed Claims Reserve; or (2) such other treatment rendering such Claim Unimpaired. | Not Entitled to Vote (Deemed to Accept) | $45,000 | 100% |

[3] The amounts reflected herein represent a fair estimate of the aggregate asserted amounts of Claims based on the Debtors' books and records, and do not necessarily reflect contingent, unliquidated or disputed Claims that may be asserted in proofs of claim or a total of Claims ultimately Allowed in the Chapter 11 Cases. The Debtors have not completed their Claims reconciliation process. Certain Claims included in these totals may be contingent, unliquidated, disputed, or intercompany, and may ultimately be Allowed in amounts materially different from those shown, or not Allowed at all. These amounts are presented for illustrative purposes only to reflect the face amounts asserted for solicitation and voting purposes. The Debtors reserve all rights to object to any claim and to amend these amounts based on further review of proofs of Claim, the Debtors' books and records, and other known liabilities.

| Class | Claim or Interest Description | Summary of Treatment | Entitled to Vote | Estimated Midpoint Amount of Asserted Claims[3] | Estimated Recovery |
|---|---|---|---|---|---|
| 3 | General Unsecured Claims | On the Effective Date, or as soon as reasonably practicable thereafter, except to the extent that a Holder of an Allowed General Unsecured Claim and the Debtors or the Plan Administrator, as applicable, agree to less favorable treatment for such Holder, in full and final satisfaction of each such Allowed General Unsecured Claim, each Holder thereof will receive: (1) payment in full in Cash from the Debtors if such Claim is Allowed as of the Effective Date, and otherwise from the Disputed Claims Reserve; or (2) such other treatment rendering such Claim Unimpaired. | Not Entitled to Vote (Deemed to Accept) | $1,000 | 100% |
| 4 | PI/WD Claims | On the Effective Date, all PI/WD Claims shall automatically and, without further act, deed, or order of the Bankruptcy Court, be assumed by the Trust. Subject to the Trust Agreement, each Holder of an Allowed PI/WD Claim shall be entitled to receive distributions in accordance with the Trust Distribution Procedures. Holders of Allowed PI/WD Claims against the Debtors shall not receive any payment from the Trust unless and until such Claims are resolved in accordance with the Trust Distribution Procedures. The terms, provisions and procedures set forth in the Trust Distribution Procedures shall establish the method by which PI/WD Claims shall be submitted, processed, liquidated, reserved for, and, if applicable, paid. | Entitled to Vote | N/A | N/A |
| 5 | Intercompany Claims | On the Effective Date, all Intercompany Claims shall be cancelled, released, discharged, and extinguished and will be of no further force or effect, and Holders of such Claims shall not receive any Plan Distribution on account of such Claims. | Not Entitled to Vote (Deemed to Reject) | $3.07 million | 0% |

| Class | Claim or Interest Description | Summary of Treatment | Entitled to Vote | Estimated Midpoint Amount of Asserted Claims[3] | Estimated Recovery |
|---|---|---|---|---|---|
| 6 | Interests | On the Effective Date, all Interests shall be cancelled, released, discharged, and extinguished and will be of no further force or effect, and Holders of such Interests shall not receive any Plan Distribution on account of such Interests. | Not Entitled to Vote (Deemed to Reject) | N/A | 0% |

6. **<u>The Solicitation and Voting Procedures</u>**. Holders of Claims in Class 4 are entitled to vote to accept or reject the Plan. Pursuant to the Solicitation and Voting Procedures, Holders of Known Claims in Class 4, or, as applicable, their counsel, will receive a Solicitation Package which shall include, among other things, a copy of (i) this Notice, (ii) directions to access electronic copies of the Disclosure Statement (including exhibits thereto, including the Plan) from the Debtors' case website via a provided QR code, and (iii) an appropriate Ballot (as defined in the Solicitation and Voting Procedures Order). Law firms receiving a Master Ballot will also receive a USB drive containing a form of the exhibit that must accompany the Master Ballot in Microsoft Excel format. Please review the Ballot and the instructions included therewith for how to vote on the Plan. Failure to follow the Solicitation and Voting Procedures may disqualify your or your client's vote. Please be advised that the Holders of Claims in Class 4 are the only Holders of Claims or Interests that are entitled to vote on the Plan. Holders of Claims and Interests in Classes 1, 2, 3, 5, and 6 will be sent an Opt-Out Form (as defined in the Solicitation and Voting Procedures Order) through which they may elect to opt out of the releases contained in section 9.2 of the Plan. Holders of such Claims or Interests should carefully review the instructions on the Opt-Out Form on how to submit their Opt-Out Form. Failure to follow the Solicitation and Voting Procedures as to the Opt-Out Form and the instructions on the Opt-Out Form may render the opt-out election ineffective.

7. **<u>Voting Deadline</u>**. The deadline to vote on the Plan and determine whether to exercise an election on the Opt-Out Form, as applicable, is **October 27, 2026, at 4:00 p.m. prevailing Eastern Time**. The Debtors' notice, claims, and balloting agent, Omni Agent Solutions, Inc. (the "**Balloting Agent**"), must receive the Ballot with an original signature by the Voting Deadline, otherwise your or your client's vote will not be counted. In order for your or your client's vote to count, unless voting through either the Individual Balloting Portal or the Law Firm Master Ballot Portal (each as defined in the Solicitation and Voting Procedures and as described on each Ballot as applicable), you or your attorney must (1) properly complete, date, and execute the Ballot and (2) deliver the Ballot by (a) first class mail, in the return envelope provided with each Ballot; (b) overnight courier; or (c) hand-delivery so that such Ballot is actually received by the Balloting Agent on or before the Voting Deadline.

8. **Directions to Obtain the Plan Documents and Make Inquiries**. If you have not received copies of the Plan, the Disclosure Statement, or the Solicitation and Voting Procedures Order (the "**Plan Documents**") and wish to obtain copies of the same, you may do so by: (a) accessing the Debtors' chapter 11 case website at https://omniagentsolutions.com/Uniroyal-Ballots; (b) writing to the Balloting Agent at Uniroyal Holding, Inc and Great Hill Corporation c/o Omni Agent Solutions, Inc., 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91637 (c) calling the Balloting Agent at (888) 741-5787 (US & Canada) or (747) 400-0068 (International); (d) emailing Omni at UniroyalInquiries@OmniAgnt.com with a reference to "Uniroyal Holding, Inc.." in the subject line; and/or (e) visiting (for a fee) PACER at http://www.njb.uscourts.gov. You may also access electronic copies of the Plan, Disclosure Statement, and any other solicitation materials via the QR Code below. Please be advised that the Balloting Agent cannot provide legal advice.

9. **Settlement, Release, Exculpation, and Injunction Language in the Plan**. Please be advised that the Plan, as proposed, contains the following exculpation, releases, and injunction provisions, including Section 9.2 of the Plan, which is the Third-Party Release:

Releases by the Debtors – Section 9.1 of the Plan

**PURSUANT TO SECTION 1123(b) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, AS OF THE EFFECTIVE DATE, THE DEBTORS, THEIR ESTATES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE,**

**WHETHER PREPETITION OR POSTPETITION); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II)THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.1 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN. ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS SECTION 9.1 BY THE DEBTORS, THEIR ESTATES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION BY, THROUGH, FOR, OR BECAUSE OF THE FOREGOING ENTITIES, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS SECTION 9.1 IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO IMPLEMENTING THE PLAN; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTORS; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (6) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (7) A BAR TO THE DEBTORS OR THEIR ESTATES, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

Releases by Holders of Claims and Interests – Section 9.2 of the Plan

**AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND**

**DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION**

**ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."[4]**

Exculpation – Section 9.3 of the Plan

**AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS EXCULPATED FROM, ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST, OR ANY OTHER PARTY IN INTEREST, FOR (1) ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THESE CHAPTER 11 CASES FROM THE PETITION DATE TO THE EFFECTIVE DATE; (2) THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DISCLOSURE STATEMENT OR THE PLAN; (3) THE FILING OF THESE CHAPTER 11 CASES; (4) THE PURSUIT OF CONFIRMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING PROVIDING ANY LEGAL**

---

[4] "**Related Party**" means with respect to any Entity, each of its Affiliates, and other legal representatives and its and their present and former, in each case, shareholders, direct and indirect owners, partners, members, participants, managers, consultants, Affiliates, subsidiaries, divisions, management companies, managed accounts or funds, fund advisors, predecessors, directors, officers, attorneys, accountants, financial advisors, investment bankers, employees, agents, and other representatives.

"**Released Party**" means, in each case solely in its capacity as such: each of (1) the Debtors, (2) the Debtor Related Parties, (3) each Holder of an Interest, (4) the Ad Hoc Group, (5) the Committee, and (6) each Related Party of each party described in clauses (3) through (4). Notwithstanding anything to the contrary herein, the term "Released Party" shall not include (a) any successors in interest to (i) Uniroyal Power Transmission, Inc. (including The Gates Rubber Company, Tomkins plc, Onex Corporation, Blackstone, and Gates Industrial Corporation plc), (ii) Uniroyal Plastics Company, Inc. (including Polycast Technology Company and Uniroyal Technology Corp.), (iii) Uniroyal Chemical Company, Inc. (including Uniroyal Chemical Acquisition Corporation, Avery, Inc., Chemtura Corporation, and Laxness AG), (iv) Michelin North America, Inc., (v) Uniroyal Textiles (including Dominion Textile, Polymer Group, Inc., Blackstone, Avintiv, Inc., Berry Global Group, Inc., and Amcor PLC), (vi) Uniroyal-Goodrich Tire Company, or (vii) Uniroyal Properties Company, Inc., or for the foregoing (a)(i)-(vii) any of their affiliates, or (b) Michelin and any of its past, present and future Affiliates, parent and subsidiary entities, related parties, successors, board members, executives, and shareholders solely in their capacity as such; provided, however, that the exclusions set forth in clauses (a) through (b) shall apply only to the extent such party is not listed on Schedule 2 of the Plan.

"**Releasing Parties**" means, collectively, and in each case solely in their respective capacities as such: (1) each Released Party; (2) each holder of a Claim in Class 1, Class 2, or Class 3 that has not filed an objection to the release contained in section 9.2 herein prior to the deadline to submit a ballot to accept or reject the Plan or timely submitted a Release Opt-Out; (3) each holder of a Claim in Class 4 that did not check the Release Opt-Out on its ballot; and (4) each Related Party of an Entity in clauses (2) through (3) solely to the extent that such Entity is legally entitled to bind such Related Party to the releases contained in section 9.2 herein.

**OPINION REQUESTED BY ANY PERSON OR ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY EXCULPATED PARTY ON THE PLAN, THE CONFIRMATION ORDER, THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER AGREEMENT (WHETHER OR NOT SUCH ISSUANCE OR DISTRIBUTION OCCURS FOLLOWING THE EFFECTIVE DATE); (6) NEGOTIATIONS REGARDING OR CONCERNING ANY OF THE FOREGOING; AND (7) THE ADMINISTRATION OF THE PLAN OR PROPERTY TO BE DISTRIBUTED HEREUNDER. THE EXCULPATED PARTIES SHALL BE DEEMED TO HAVE PARTICIPATED IN GOOD FAITH IN CONNECTION WITH THE ABOVE AND ENTITLED TO THE PROTECTION OF SECTION 1125(E) OF THE BANKRUPTCY CODE. EACH EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN.**

Injunction – Section 9.4 of the Plan

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (1) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (2) HAVE BEEN RELEASED PURSUANT TO THE PLAN; (3) ARE SUBJECT TO EXCULPATION PURSUANT TO THE PLAN; OR (4) ARE OTHERWISE SATISFIED, STAYED, RELEASED, OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES, INCLUDING BEING PERMANENTLY ENJOINED AND PRECLUDED FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE PLAN ADMINISTRATOR, THE TRUST, THE RELEASED PARTIES, OR EXCULPATED PARTIES (AS APPLICABLE): (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATE OF SUCH**

**ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING ANY OTHER INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

**UPON THE BANKRUPTCY COURT'S ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, OR PRINCIPALS, SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THIS PLAN BY THE DEBTORS, THE PLAN ADMINISTRATOR, THE TRUST, AND THEIR RESPECTIVE AFFILIATES, EMPLOYEES, ADVISORS, OFFICERS AND DIRECTORS, OR AGENTS.**

**NO PARTY MAY COMMENCE, CONTINUE, AMEND, OR OTHERWISE PURSUE, JOIN IN, OR OTHERWISE SUPPORT ANY OTHER PARTY OR ENTITY COMMENCING, CONTINUING, AMENDING, OR PURSUING, A CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES THAT RELATES TO, OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, A CAUSE OF ACTION SUBJECT TO SECTION 9.1, SECTION 9.2, OR SECTION 9.3 HEREIN WITHOUT FIRST (1) REQUESTING A DETERMINATION FROM THE BANKRUPTCY COURT, AFTER NOTICE AND A HEARING, THAT SUCH CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AGAINST SUCH DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY AND IS NOT A CLAIM THAT THE DEBTORS RELEASED UNDER THIS PLAN, WHICH REQUEST MUST ATTACH THE COMPLAINT OR PETITION PROPOSED TO BE FILED BY THE REQUESTING PARTY AND (2) OBTAINING FROM THE BANKRUPTCY COURT SPECIFIC AUTHORIZATION FOR SUCH PARTY TO BRING SUCH CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY. TO THE EXTENT THAT ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION, SUCH PARTY MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING. THE BANKRUPTCY**

**COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO DETERMINE WHETHER A CAUSE OF ACTION CONSTITUTES A DIRECT OR DERIVATIVE CLAIM, IS COLORABLE AND, ONLY TO THE EXTENT LEGALLY PERMISSIBLE, WILL HAVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CAUSE OF ACTION.**

Insurance Entity Injunction – Section 9.5 of the Plan

**ALL PERSONS THAT HAVE HELD OR ASSERTED, THAT HOLD OR ASSERT, OR THAT MAY IN THE FUTURE HOLD OR ASSERT ANY CAUSE OF ACTION AGAINST ANY INSURANCE COMPANY BASED UPON, ATTRIBUTABLE TO, ARISING OUT OF, OR IN ANY WAY CONNECTED WITH ANY INSURANCE POLICY, WHENEVER AND WHEREVER ARISING OR ASSERTED, WHETHER IN THE UNITED STATES OF AMERICA OR ANYWHERE ELSE IN THE WORLD, WHETHER SOUNDING IN TORT, CONTRACT, WARRANTY, STATUTE OR ANY OTHER THEORY OF LAW, EQUITY OR ADMIRALTY, SHALL BE STAYED, RESTRAINED, AND ENJOINED FROM TAKING ANY ACTION FOR THE PURPOSE OF DIRECTLY OR INDIRECTLY COLLECTING, RECOVERING, OR RECEIVING PAYMENTS, SATISFACTION, OR RECOVERY WITH RESPECT TO ANY SUCH CAUSE OF ACTION, INCLUDING:**

**(1) COMMENCING, CONDUCTING, OR CONTINUING, IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY SUIT, ACTION, OR OTHER PROCEEDING OF ANY KIND (INCLUDING A JUDICIAL, ARBITRATION, ADMINISTRATIVE, OR OTHER PROCEEDING) IN ANY FORUM WITH RESPECT TO ANY SUCH CAUSE OF ACTION, DEMAND, OR CAUSE OF ACTION AGAINST ANY INSURANCE COMPANY, OR AGAINST THE PROPERTY OF ANY INSURANCE COMPANY, WITH RESPECT TO ANY SUCH CAUSE OF ACTION, DEMAND, OR CAUSE OF ACTION (INCLUDING, FOR THE AVOIDANCE OF DOUBT, DIRECTLY PURSUING ANY SUIT, ACTION OR OTHER PROCEEDING WITH RESPECT TO ANY SUCH CAUSE OF ACTION, DEMAND, OR CAUSE OF ACTION AGAINST ANY INSURANCE COMPANY);**

**(2) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR OTHERWISE RECOVERING, BY ANY MEANS OR IN ANY MANNER, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT AWARD, DECREE, OR OTHER ORDER AGAINST ANY INSURANCE COMPANY, OR AGAINST THE PROPERTY OF ANY INSURANCE COMPANY, WITH RESPECT TO ANY SUCH CAUSE OF ACTION;**

**(3) CREATING, PERFECTING OR ENFORCING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE AGAINST ANY INSURANCE COMPANY, OR THE PROPERTY OF ANY INSURANCE COMPANY, WITH RESPECT TO ANY SUCH CAUSE OF ACTION; AND**

**(4) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN, ASSERTING OR ACCOMPLISHING ANY SETOFF, RIGHT OF SUBROGATION, INDEMNITY, OR CONTRIBUTION OF ANY KIND,**

**DIRECTLY OR INDIRECTLY, AGAINST ANY OBLIGATION OF ANY INSURANCE COMPANY, OR AGAINST THE PROPERTY OF ANY INSURANCE COMPANY, WITH RESPECT TO ANY SUCH CAUSE OF ACTION;**

***PROVIDED*, *HOWEVER*, THAT (A) THIS INJUNCTION SHALL NOT IMPAIR IN ANY WAY ANY ACTIONS BROUGHT BY THE TRUST AGAINST ANY INSURANCE COMPANY, (B) THE TRUST SHALL HAVE THE AUTHORITY AT ANY TIME TO TERMINATE, OR REDUCE OR LIMIT THE SCOPE OF, THE INJUNCTION WITH RESPECT TO ANY INSURANCE COMPANY, IN ACCORDANCE WITH THE TRUST DOCUMENTS, UPON EXPRESS WRITTEN NOTICE TO SUCH INSURANCE COMPANY, AND (C) THIS INJUNCTION IS NOT ISSUED FOR THE BENEFIT OF ANY INSURANCE COMPANY, AND NO INSURANCE COMPANY IS A THIRD-PARTY BENEFICIARY OF THIS INJUNCTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS PLAN, THIS INJUNCTION SHALL NOT ENJOIN:**

**(1) THE RIGHTS OF ANY INSURED PARTY UNDER ANY COVERAGE OF ANY D&O POLICY;**

**(2) THE RIGHTS OF ANY SUCCESSOR IN INTEREST TO (1) UNIROYAL PROPERTIES, INC., (2) UNIROYAL TIRE COMPANY, INC., (3) UNIROYAL PLASTICS COMPANY, INC., (4) UNIROYAL POWER TRANSMISSION, INC., OR (5) UNIROYAL CHEMICAL COMPANY, INC. UNDER ANY COVERAGE OF ANY INSURANCE POLICY THAT WAS THE SUBJECT OF LITIGATION IN *UNIROYAL, INC. V. AMERICAN REINSURANCE CO., ET. AL.*;**

**(3) THE RIGHTS OF ANY PERSON TO THE TREATMENT ACCORDED THEM UNDER THIS PLAN, AS APPLICABLE, INCLUDING THE RIGHTS OF HOLDERS OF PI/WD CLAIMS TO ASSERT SUCH CLAIMS, AS APPLICABLE, IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES;**

**(4) THE RIGHTS OF THE TRUST TO PROSECUTE ANY ACTION BASED ON OR ARISING FROM INSURANCE POLICIES;**

**(5) THE RIGHTS OF THE TRUST TO ASSERT ANY CAUSE OF ACTION, DEBT, OBLIGATION, OR LIABILITY FOR PAYMENT AGAINST ANY INSURANCE COMPANY BASED ON OR ARISING FROM THE INSURANCE POLICIES;**

**(6) THE RIGHTS OF ANY INSURANCE COMPANY TO ASSERT ANY CAUSE OF ACTION, DEBT, OBLIGATION, OR LIABILITY FOR PAYMENT AGAINST ANY OTHER INSURANCE COMPANY; OR**

**(7) THE CAUSE OF ACTION FOR REINSURANCE UNDER REINSURANCE CONTRACTS OR CAUSE OF ACTION UNDER RETROCESSIONAL CONTRACTS AMONG AN INSURANCE COMPANY AND ANY ANOTHER INSURANCE COMPANY.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASES, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: **[●]**, 2026

*/s/ [●]*

**DUANE MORRIS LLP**
Morris S. Bauer
Drew S. McGehrin
Klara Bradbury (admitted *pro hac vice*)
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2000
Email: msbauer@duanemorris.com
dsmcgehrin@duanemorris.com
kbradbury@duanemorris.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Samuel A. Newman (admitted *pro hac vice*)
Michael C. Godbe (admitted *pro hac vice*)
Evan M. Raskin (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Email: nlabovitz@debevoise.com
snewman@debevoise.com
mcgodbe@debevoise.com
emraskin@debevoise.com

*Co-Counsel to the Debtors and Debtors in Possession*

# **Exhibit 2**

## Solicitation and Voting Procedures

**SOLICITATION AND VOTING PROCEDURES FOR JOINT CHAPTER 11**
**PLAN OF UNIROYAL HOLDING, INC. AND GREAT HILL CORPORATION**

The following procedures (the "**Solicitation and Voting Procedures**") are adopted with respect to (a) the distribution of solicitation packages with respect to the *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation*, dated [●] (as may be amended, modified, or supplemented from time to time, the "**Plan**")[1] and (b) the return and tabulation of ballots and master ballots to be used in voting on the Plan in the chapter 11 cases of Uniroyal Holding, Inc. and Great Hill Corporation in the United States Bankruptcy Court for the District of New Jersey.

The Solicitation and Voting Procedures set out in this document are supplemented by the instructions accompanying the Ballots that will be included in the Solicitation Packages, which will be sent to (or can be obtained by) those persons entitled to vote on the Plan. You should review those instructions and these Solicitation and Voting Procedures carefully. In the event of conflict between the ballot instructions and these Solicitation and Voting Procedures, the terms of these Solicitation and Voting Procedures will govern and control.

## I. DEFINITIONS

1. "**Ballot**" means the Individual Ballot and Master Ballot.

2. "**Balloting Agent**" means Omni Agent Solutions, Inc., as the Debtors' solicitation and tabulation agent with respect to the Plan.

3. "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of New Jersey.

4. "**Confirmation Hearing**" means the hearing(s) that will be held before the Bankruptcy Court in which the Debtors will seek confirmation of the Plan.

5. "**Confirmation Hearing Notice**" means the notice of (a) the date and time of the Confirmation Hearing; (b) the Plan Objection Deadline and the manner in which objections shall be filed; (c) a disclosure in bold text regarding the release, exculpation, and injunction provisions of the Plan; and (d) instructions on how to obtain electronic or print copies of any of the Plan Documents.

6. "**Debtors**" means, collectively, Uniroyal Holding, Inc. and Great Hill Corporation.

7. "**Disclosure Statement**" means the disclosure statement pertaining to the Plan, including all exhibits, appendices, schedules and annexes attached thereto, as submitted by the Debtors pursuant to section 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such Disclosure Statement may be further amended, supplemented, or modified from time to time.

8. "**Individual Ballot**" means the form of ballot attached as Exhibit 3 to the Solicitation and Voting Procedures Order and distributed with the Plan and Disclosure Statement

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

upon which an individual Holder of a Claim in Class 4 may register their acceptance or rejection of the Plan.

9. "**Individual Ballot Portal**" means the link at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab and selecting "Submit Individual Ballot", used for uploading an Individual Ballot.

10. "**Interests**" means the equity interest in the Debtors on the Petition Date.

11. "**Known**" means, (i) with respect to counsel to Holders of PI/WD Claims, such counsel as are listed on the Debtors' as-filed Schedules or counsel regarding whom the Debtors hereafter are provided timely notice on or prior to the Voting Record Date sufficient to provide the Debtors with knowledge of the representation of a Holder of a PI/WD Claim as such or (ii) with respect to PI/WD Claims, any such claim regarding which the Debtors have received notice in a timely manner on or prior to the Voting Record Date sufficient to provide the Debtors with knowledge of such asserted PI/WD Claim.

12. "**Law Firm Master Ballot Portal**" means the link at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab and selecting "Submit Firm Master Ballot", used for uploading a Master Ballot.

13. "**Master Ballot**" means the form of ballot attached as Exhibit 4 to the Solicitation and Voting Procedures Order submitted on behalf of one or more Holders of PI/WD Claims pursuant to section V hereof, including all required attachments or exhibits thereto.

14. "**Non-Voting Notice**" means the notice sent to (a) Holders of Claims in Class 1, Class 2, and Class 3 who are unimpaired under the Plan and therefore presumed to accept the Plan and (b) Holders of Interests in Class 6 who will not recover under the Plan and thus are deemed to reject the Plan and shall contain:

a. notice of the filing of the Disclosure Statement and Plan;

b. notice of the approval of the Disclosure Statement;

c. information regarding the Confirmation Hearing;

d. directions for filing objections to confirmation of the Plan by the Plan Objection Deadline;

e. directions for such parties to obtain (a) electronic copies of the Plan Documents via download from the website maintained by the Balloting Agent, and (b) a print copy of the Plan Documents free of charge (but only to the extent so requested of the Balloting Agent by telephone, letter, or email) to be delivered by the Balloting Agent to the requesting party by first class mail; and

f. the Opt-Out Form.

15. "**Opt-Out Form**" means the *Non-Voting Status Notice and Opportunity to Opt-Out Form* attached as Exhibit 5 to the Solicitation and Voting Procedures Order which shall be provided to Holders of Claims and Interests in Classes 1, 2, 3, and 6.

16. "**Opt-Out Portal**" means the link at https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab and selecting "Electronic Opt-Out", used for uploading an Opt-Out Form.

17. "**PI/WD Claim**" means any Claim, known or unknown, that is attributable to, arises from, is based upon, relates to, or results from an alleged personal injury tort or wrongful death claim (whether or not diagnosable or manifested before confirmation of the Plan or the close of the Chapter 11 Cases) related to asbestos asserted under any legal theory, and any derivative Claim arising therefrom. The term "PI/WD Claim" includes Direct PI/WD Claims and Indirect PI/WD Claims.

18. "**Plan Objection Deadline**" means October 27, 2026 at 4:00 p.m. (ET), established by the Bankruptcy Court in the Solicitation and Voting Procedures Order as the deadline for filing objections to confirmation of the Plan.

19. "**Publication Notices**" means the published notices of (a) the date and time of the hearing regarding confirmation of the Plan; (b) the procedures for Holders of Class 4 (PI/WD Claims) to vote on the Plan; and (c) the procedures and deadlines for filing objections to confirmation of the Plan.

20. "**Schedules**" means the schedules, statements, and lists filed by the Debtors with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been or may be amended or supplemented from time to time.

21. "**Solicitation Deadline**" means the date fixed by the Court by which Solicitation Packages must be served on Holders of Claims in Class 4, or their Known counsel, and the Non-Voting Notice must be served on Class 1, Class 2, Class 3, and Class 6.

22. "**Solicitation and Voting Procedures Order**" means the order of the Bankruptcy Court approving the Disclosure Statement, setting a hearing on confirmation of the Plan, and approving these Solicitation and Voting Procedures, entered at Docket No. [●].

23. "**Solicitation Package**" means the package sent to Holders of Claims in Class 4, or their counsel, which Holders are impaired under the Plan and therefore eligible to vote on the Plan and shall include:

a. a cover letter describing the contents of the Solicitation Package;

b. the Solicitation and Voting Procedures Order, as entered by the Court and all exhibits thereto, in electronic format via a provided QR code;

c. the Disclosure Statement with all exhibits thereto, including the Plan, in electronic format via a provided QR code;

d. the Confirmation Hearing Notice;

e. the Individual Ballot or the Master Ballot, as applicable;

f. pre-addressed, return envelopes for completed Ballots; and

g. such other materials as the Court may direct.

24. "**Solicitation Procedures Motion**" means the *Debtors' Motion for Entry of Order (I) Approving the Disclosure Statement; (II) Approving Solicitation, Notice, and Tabulation Procedures and Forms Related Thereto; (III) Scheduling a Confirmation Hearing; (IV) Establishing Notice and Objection Procedures for Plan Confirmation; and (V) Granting Related Relief*.

25. "**Voting Deadline**" means 4:00 p.m. (ET) on October 27, 2026, the time and date established by the Bankruptcy Court in the Solicitation and Voting Procedures Order as the deadline for returning Ballots voting on acceptance or rejection of the Plan.

26. "**Voting Record Date**" means September 23, 2026.

## II. PUBLICATION NOTICES

In addition to mailing the Confirmation Hearing Notice with the Solicitation Packages, within two (2) business days after entry of the Solicitation and Voting Procedures Order, the Debtors shall submit for publication the Publication Notice, with any modifications necessary for ease of publication, on one occasion in the national edition of The New York Times or The Wall Street Journal, or another publication of similar circulation, as determined by the Debtors, to provide notice to any other potential interested parties.

## III. DISTRIBUTION OF SOLICITATION PACKAGES

This section explains the manner in which Solicitation Packages will be dispatched to parties entitled to vote on the Plan.

a. **Class 4 (PI/WD Claims)**. On or before the Solicitation Deadline, the Balloting Agent will cause Solicitation Packages with Ballots in the form attached as **Exhibit 3** to the Solicitation and Voting Procedures Order to be served on Holders of Known PI/WD Claims or in the form attached as **Exhibit 4** to the Solicitation and Voting Procedures Order to such Holders' attorneys in the manner prescribed in section IV of these Solicitation and Voting Procedures.

b. **Exception for Undeliverable Solicitation Packages**. Notwithstanding any provision in section III of the Solicitation and Voting Procedures to the contrary, the Balloting Agent shall not be required to resend a Solicitation Package to any person or entity whose Solicitation Package was returned as undeliverable by the postal service, unless the Debtors or the Balloting Agent is provided with an accurate address for such person or entity prior to the Voting Record Date. For the avoidance of doubt, the Balloting Agent is not required to conduct any independent

research in an attempt to determine the correct email or mailing address of any person or entity whose Solicitation Package was returned as undeliverable without a forwarding address.

## IV. PROCEDURES RELATING TO PI/WD CLAIMS

a. **Distribution of Solicitation Packages**. The Balloting Agent will cause Solicitation Packages to be served with respect to PI/WD Claims as follows:

i. **To Known Counsel Representing Holders of PI/WD Claims**:

1. A single Solicitation Package will be served upon each attorney Known by the Debtors to represent or potentially to represent Entities who may hold or assert PI/WD Claims.

2. If an attorney who receives a Solicitation Package either (a) is unable to certify with respect to any Holder of a PI/WD Claim represented by such attorney that such attorney has the authority to vote on the Plan on behalf of such Holder (*see* section IV(c) of these Solicitation and Voting Procedures) or (b) wishes any Holder of a PI/WD Claim represented by such attorney to cast such Holder's own Ballot on the Plan, such attorney shall furnish the Balloting Agent by encrypted email with a list in electronic Microsoft Excel format setting forth the name and address for each such Holder within five Business Days of receiving the Solicitation Package.

3. Attorneys who wish for any Holder of a PI/WD Claim whom they represent to receive a Solicitation Package for informational purposes (without a Ballot) shall furnish the Balloting Agent by encrypted email with a list in electronic Microsoft Excel format setting forth such names and addresses of each such Holder, within five Business Days of receiving a copy of the Solicitation Package.

ii. **To Holders of PI/WD Claims**:

1. **Transmittal by the Balloting Agent**. If either (i) an individual who holds or asserts a PI/WD Claim requests a Solicitation Package by notice to the Balloting Agent in a manner sufficient to provide the Balloting Agent with knowledge of such request, which notice may be by email to UniroyalInquiries@OmniAgnt.com with "Uniroyal – Ballot" in the subject line or by contacting the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International), no later than 14 days prior to the Voting Deadline, and provided that in each case the individual provides a valid and current mailing address therewith, or (ii) an attorney who represents or purports to represent the Holder of a PI/WD Claim furnishes the name and address of the individual to the Balloting Agent and

certifies that such attorney represents such Holder, then the Balloting Agent will cause a Solicitation Package with an Individual Ballot to be mailed, together with a Ballot, directly to each such individual who holds or asserts such PI/WD Claim within five Business Days after receiving such request or as soon as practicable thereafter. If an individual who holds or asserts a PI/WD Claim signs and files a proof of PI/WD Claim prior to the Solicitation Deadline, then the Balloting Agent will cause a Solicitation Package, together with an Individual Ballot, to be mailed directly to such individual by the Solicitation Deadline or as soon as practicable thereafter.

2. **Transmittal by an Attorney**. An attorney may choose to transmit Solicitation Packages to his or her clients directly. If an attorney chooses to do so, such attorney must, within five Business Days after the Solicitation Deadline, furnish a written request to the Balloting Agent by email to UniroyalInquiries@OmniAgnt.com for a specified amount of Solicitation Packages and Individual Ballots, which will be provided to such attorney within five Business Days after receipt of such written request or as soon as practicable thereafter. The Debtors will reimburse such attorney for the reasonable and documented postage expenses incurred by the attorney.

3. **Unrepresented Claimants**. Notwithstanding other provisions of these Solicitation and Voting Procedures to the contrary, the Balloting Agent shall cause a Solicitation Package (including, among other things, an Individual Ballot) to be mailed directly to Holders of Known Claims in Class 4 not otherwise represented by Known counsel ("**Unrepresented Claimants**").

iii. The Confirmation Hearing Notice and the Publication Notices will contain instructions regarding how a party may obtain a Solicitation Package if any such party believes it may be entitled to vote on the Plan and has not received a Solicitation Package.

b. **Calculation of Votes with Respect to PI/WD Claims**. Each Holder of a PI/WD Claim will have a single vote on the Plan, in the amount of $1.00 for voting purposes only.

c. **Required Certifications**. No vote to accept or reject the Plan by or on behalf of a Holder of a PI/WD Claim shall be counted by the Balloting Agent unless the Ballot reflecting such vote is timely submitted to the Balloting Agent with the written certifications contained on the Ballot.

i. **Certification for Individual Ballots**. Individual Ballots voted by, or on behalf of, holders of PI/WD Claims shall contain an acknowledgement and certification, *inter alia*, that (i) the person signing the ballot has received the

documents included in the Solicitation Package and (ii) on information and belief, the person signing the Ballot holds a PI/WD Claim (as defined in the Plan) against the Debtors or is an agent authorized to submit the Ballot on behalf of such Holder.

ii. **Certification for Master Ballots**. Master Ballots voted on behalf of Holders of PI/WD Claims shall contain an acknowledgement and certification, *inter alia*, that (i) the attorney signing the Master Ballot has received the documents included in the Solicitation Package; (ii) the attorney signing the Master Ballot is authorized under applicable law by each of the Holders of PI/WD Claims listed on the exhibit accompanying the Master Ballot to vote on behalf of such Holders; and (iii) each claimant identified on such exhibit has, on information and belief, a PI/WD Claim against the Debtors.

d. **Completion and Return of Master Ballots by Attorneys for Holders of PI/WD Claims**. Attorneys who represent individual Holders of PI/WD Claims shall be permitted to cast Master Ballots for such Holders, but only to the extent such attorneys have the authority under applicable law to do so, and so certify in the manner set forth herein and on the Master Ballots respecting such PI/WD Claims. Each attorney voting on behalf of more than one individual whom the attorney represents and who hold or assert PI/WD Claims shall complete a Master Ballot, which will set forth the votes cast by such attorney on behalf of any such clients. Each attorney voting on behalf of a single individual whom the attorney represents who holds or asserts a PI/WD Claim shall complete an Individual Ballot, which will set forth the vote cast by such attorney on behalf of any such client. The following procedures will govern the completion and return of a Master Ballot:

i. **Summarizing Votes on the Master Ballot**: The Master Ballot shall contain the following options for voting, one of which shall be marked by the attorney:

1. "All Class 4 PI/WD Claims listed on the Master Ballot Exhibit **ACCEPT / VOTE IN FAVOR OF** the Plan."

2. "All Class 4 PI/WD Claims listed on the Master Ballot Exhibit **REJECT / VOTE AGAINST** the Plan."

3. "Some of the individuals listed on the Exhibit required in Item 3 **ACCEPT / VOTE IN FAVOR OF** the Plan while other individuals listed on such Exhibit **REJECT / VOTE AGAINST** the Plan."

ii. **Inability to Make Required Certifications on Master Ballot**: If the attorney is unable to make such certifications on behalf of any Holder of a PI/WD Claim whom he or she represents, the attorney may *not* cast a vote on behalf of such claimant and *must* timely send the information relating to the names and addresses of its clients for whom he or she may not vote to

the Balloting Agent in accordance with section V.1.A.(2) of these Solicitation and Voting Procedures.

iii. **Spreadsheet Exhibit to the Master Ballot**:

1. Each attorney shall complete the spreadsheet in the form shown on the Master Ballot and included on the USB drive included in the Solicitation Package. This spreadsheet will become an exhibit to the Master Ballot and list in separate columns the following information for each Holder of a PI/WD Claim on whose behalf the attorney is voting: (a) the last name of the Holder of the PI/WD Claim, (b) the first name of the Holder of the PI/WD Claim, (c) the last 4 digits of the Social Security Number of the Holder of the PI/WD Claim (if the Holder of the PI/WD Claim has a Social Security Number), (d) the date of birth of the Holder of the PI/WD Claim, (e) whether the claimant votes to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan, (f) the method of certification of the claimant's vote, (g) the service method that the attorney used to transmit the Solicitation Package materials (excluding a ballot) to the Holder of the PI/WD Claim; and (h) whether the Holder of the PI/WD Claim opts out of the releases in the Plan.

2. The entire spreadsheet must be submitted in MICROSOFT EXCEL or similar format, and submitted with the Master Ballot. The completed Master Ballot and spreadsheet exhibit must be returned to the Balloting Agent in accordance with section V(d) of these Solicitation and Voting Procedures.

## V. RETURN OF BALLOTS

a. **Claimants Entitled to Vote**. Only Holders of Claims in Class 4 (PI/WD Claims) will be permitted to vote.

b. **Authority to Complete and Execute Ballots**. If a Ballot is signed by a trustee, executor, guardian, attorney-in-fact, officer of a corporation, or any other entity acting in a fiduciary or representative capacity, the signatory must indicate such capacity when signing. The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed, but by executing a Ballot, each signatory certifies that he or she has such authority, and shall provide evidence of such authority upon request of the Balloting Agent.

c. **Submission of Completed Individual Ballots**. All Individual Ballots may be (i) submitted through the Individual Ballot Portal on the Debtors' case website, at https://omniagentsolutions.com/Uniroyal, click on the "Balloting" tab of the Debtors' website, select "Submit Individual Ballot", and follow the instructions, provided on the website to submit the Individual Ballot or (ii) returned by regular

mail, using the pre-addressed return envelope included in the Solicitation Package or otherwise, or by hand delivery or overnight courier to:

**IF BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY**:
Uniroyal Holding, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

(to arrange hand delivery of your Individual Ballot, please email the Balloting Agent at UniroyalInquiries@OmniAgnt.com (with "Uniroyal Ballot Submission" in the subject line) at least 24 hours prior to arrival at the Omni address above and provide the anticipated date and time of delivery)

If the Holder of a Claim in Class 4 submits an Individual Ballot electronically, such Holder should **not** also complete and return a paper Individual Ballot.

d. **Submission of Master Ballots**. The Balloting Agent will accept Master Ballots and related client list exhibits, if properly completed, **only** through the Law Firm Master Ballot Portal accessible on the Balloting Agent's case website at https://omniagentsolutions.com/Uniroyal, click on the "Balloting" tab, select "Submit Firm Master Ballot", and follow the instructions; *provided*, however, that the Balloting Agent shall accept Master Ballots or exhibits submitted other than through the Law Firm Master Ballot Portal where the submitting party has received prior permission in writing from the Debtors to do so. Detailed submission instructions are provided in the Master Ballot. For the avoidance of doubt, votes contained in a Master Ballot delivered to the Balloting Agent in hard copy (whether by regular mail, overnight courier, or hand delivery) or submitted by facsimile, email, or any other means of electronic transmission (except the Law Firm Master Ballot Portal) will **not** be counted, unless the party submitting such Master Ballot previously received permission in writing from the Debtors to submit a Master Ballot via means other than the Law Firm Master Ballot Portal.

e. **Deadline for Receiving Completed Ballots**. All Ballots must be **actually received** by the Balloting Agent by the Voting Deadline in order to register a vote on the Plan. If any Ballot is received by the Balloting Agent after such date and time, the vote(s) recorded on that Ballot will not be counted.

f. **Ballots Submitted by Facsimile or Electronic Transmission**. The Balloting Agent shall **not** accept Individual Ballots or Master Ballots submitted by electronic transmission other than through the applicable dedicated online portal, unless the party submitting such Ballot previously received permission in writing from the Debtors to submit a Ballot via electronic means other than the applicable dedicated online portal.

g. **Retention of Individual Ballots and Master Ballots by Balloting Agent**. The Balloting Agent will date-stamp all Ballots when received. Ballots received on the

day of the Voting Deadline will be date- and time-stamped. In addition, the Balloting Agent will retain originals of all Ballots for a period of one year after the Effective Date of the Plan, unless otherwise instructed by the Debtors in writing or otherwise ordered by the Bankruptcy Court.

## VI. TABULATION OF BALLOTS

a. **Determination of Amount of PI/WD Claims Voted**. The amounts used to tabulate acceptance/votes in favor of or rejection of/votes against the Plan by those holding PI/WD Claims are set forth in section IV(b) of these Solicitation and Voting Procedures.

b. **Ballots Excluded**. A Ballot will not be counted for the purposes of voting on the Plan if any of the following applies to such Ballot:

i. any Ballot received after the Voting Deadline (as may be extended by the Debtors as provided herein);

ii. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

iii. any Ballot that indicates both an acceptance and rejection of the Plan;

iv. any Ballot that is not completed, including, without limitation, a Master Ballot with respect to PI/WD Claims on which the attorney fails to make the required certification;

v. any form of Ballot other than the forms sent by the Balloting Agent, or a copy thereof;

vi. any Ballot that does not contain an original signature;[2]

vii. any Ballot that is submitted by facsimile, email, or by other electronic means (other than through the Individual Ballot Portal or Law Firm Master Ballot Portal as applicable);

viii. any Master Ballot that is submitted other than through the Law Firm Master Ballot Portal; or

ix. any Ballot sent to the Debtors' professionals or to the Balloting Agent at any address other than the official address set forth on the Ballot.

c. **General Solicitation and Voting Procedures and Standard Assumptions**. In addition to all other provisions of these Solicitation and Voting Procedures, the

[2] For the avoidance of doubt, any Ballot submitted online, through the applicable portal in accordance with the instructions therein, will be deemed to contain an original signature.

following procedures for voting and standard assumptions will be used in tabulating Ballots:

i. Holders of Claims in Class 4 need not vote to accept or reject the Plan in order to make a valid election with respect to releases in section 9.2 of the Plan (the "**Third-Party Releases**"), whether voting on an Individual Ballot or via a Master Ballot, *provided* that the submission of the applicable Ballot otherwise complies with the requirements set forth herein.

ii. The Balloting Agent shall have the discretion to, but shall not be obligated to, contact voters to cure any defects in the Ballots.

iii. Any Holder or attorney on behalf of a Holder of a Class 4 Claim who delivers a valid Ballot may withdraw his, her, or its vote by delivering a written notice of withdrawal to the Balloting Agent before the Voting Deadline. If an attorney would like to change the vote of one or more of its clients who hold a PI/WD Claim before the Voting Deadline, such attorney must submit an entirely new and updated Master Ballot and Exhibit, which will replace (in their entirety) the previously submitted Master Ballot and Exhibit. To be valid, the notice of withdrawal must (a) be signed by the person who signed the Individual Ballot or Master Ballot to be revoked and (b) be received by the Balloting Agent on or before the Voting Deadline. The Debtors reserve the right to contest any withdrawals.

iv. In the event an attorney requests after the Voting Deadline to (a) withdraw the vote of one or more of its Clients or (b) change the vote of one or more of its PI/WD Clients, such withdrawal or change, as applicable, must comply with the process and requirements set forth in Bankruptcy Rule 3018.

v. Notwithstanding the foregoing, if multiple Master Ballots are received for the same Holder on the same Claim, but are submitted by different attorneys, the claimant's vote will be counted only once and only if the votes on each Ballot are consistent. If the votes are not consistent, the Balloting Agent shall contact the relevant Firms, with notice of such communication to counsel to the Debtors, and request that the Firms coordinate with each other to resolve the conflicting representation, and for the appropriate Firms to send an e-mail to UniroyalInquiries@OmniAgnt.com with "Uniroyal – Master Ballot" in the subject line, copying all affected Firms and the Debtors confirming such resolution. If representation of a Holder of a Class 4 Claim is not resolved before the earlier of (a) 10 calendar days from the notice of the conflict as provided by the Balloting Agent or (b) the Voting Deadline, such votes shall not be counted.

vi. If multiple Ballots are received from the Holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim will be the Ballot that is counted (regardless of the

order in which the votes were submitted), and the vote of the purported attorney or agent will not be counted.

vii. There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan.

viii. If multiple Ballots are received from a Holder of a Claim for the same Claim, the latest-dated valid Ballot that is received by the applicable Voting Deadline shall be the Ballot that is counted as a vote on the Plan.

ix. If a vote cast by an individual Holder of a PI/WD Claim on an Individual Ballot differs from the vote cast by the same individual Holder's attorney on behalf of such individual Holder via a Master Ballot, the vote cast by the individual Holder on the Individual Ballot will control.

x. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

## VII. DISTRIBUTION OF NON-VOTING NOTICES, INCLUDING THE OPT-OUT FORM

This section explains the manner in which Non-Voting Notices, including the Opt-Out Form, will be dispatched to parties not entitled to vote on the Plan. Each Holder of an Allowed Claim or of an Interest in the following classes is unimpaired and/or not entitled to vote to accept or reject the Plan and will be sent a Non-Voting Notice, including the Opt-Out Form:

a. **Class 1 (Secured Claims), Class 2 (Other Priority Claims), and Class 3 (General Unsecured Claims)**. On or before the Solicitation Deadline, the Balloting Agent will cause a Non-Voting Notice, including the Opt-Out Form to be served upon each Holder of a Claim in Class 1, Class 2, and Class 3 who, as of the Solicitation Deadline, is listed in the Schedules.

b. **Class 6 (Interests**). On or before the Solicitation Deadline, the Balloting Agent will cause a Non-Voting Notice, including the Opt-Out Form, to be served upon each Holder of an Interest in Class 6.

The Debtors, through the Balloting Agent, shall also cause the Non-Voting Notices, including the Opt-Out Form, to be served on: (i) the U.S. Trustee; (ii) each person who filed a notice of appearance with the Court pursuant to Bankruptcy Rule 2002; and (iii) taxing authorities. The Debtors may, in their discretion, distribute or cause the Balloting Agent to distribute Non-Voting Notices, including the Opt-Out Form, to other parties not specified herein.

**Exception for Undeliverable Non-Voting Notices, Including the Opt-Out Form**. Notwithstanding any provision in section III of the Solicitation and Voting Procedures to the contrary, the Balloting Agent shall not be required to resend a Non-Voting Notice, including the Opt-Out Form, to any person or entity whose Non-Voting Notice, including the Opt-Out Form, was returned as undeliverable by the postal service, unless the Debtors or the Balloting Agent is provided with an accurate address for such person or entity prior to the Voting Record Date. For the avoidance of doubt, the Balloting Agent is not required to conduct any independent research in an attempt to determine the correct email or mailing address of any person or entity whose Non-Voting Notice, including the Opt-Out Form, was returned as undeliverable without a forwarding address.

## VIII. ACCEPTANCE OF OPT-OUT FORMS

a. **Opt-Out Forms Not Accepted**. An Opt-Out Form will not be accepted and will not be considered effective to elect to not grant the Third-Party Releases if any of the following applies to such Opt-Out Form:

i. any Opt-Out Form received after the Voting Deadline (as may be extended by the Debtors as provided herein);

ii. any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the claimant;

iii. In order to prevent any Holders of Claims from making a split election with respect to Claims they hold within the same class, any Opt-Out Form that indicates that the Holder makes part of its election in the same Class to opt-out of the Third-Party Releases and that the Holder has not opted-out of the Third-Party Releases with respect to part of its Claim in the same Class;

iv. any form of Opt-Out Form other than the forms sent by the Balloting Agent, or a copy thereof;

v. any Opt-Out Form received that the Balloting Agent cannot match to an existing database record;

vi. any Opt-Out Form that does not contain an original signature;[3]

vii. any Opt-Out Form that is submitted by facsimile, email, or by other electronic means (other than through the Opt-Out Portal); or

viii. any Opt-Out Form sent to the Debtors' professionals or to the Balloting Agent at any address other than the official address set forth on the Opt-Out Form.

[3] For the avoidance of doubt, any Opt-Out Form submitted online, through the Opt-Out Portal, in accordance with the instructions therein, will be deemed to contain an original signature.

b. **Opt-Out Form Solicitation Procedures and Standard Assumptions**. In addition to all other provisions of these Solicitation and Voting Procedures, the following procedures and assumptions will be used in accepting Opt-Out Forms:

i. The Balloting Agent shall have the discretion to, but shall not be obligated to, contact voters to cure any defects in the Opt-Out Forms.

ii. Any Holder or attorney on behalf of a Holder of a Claim or Interest in either Class 1, 2, 3, or 6 who delivers a valid Opt-Out Form may withdraw his, her, or its vote by delivering a written notice of withdrawal to the Balloting Agent before the Voting Deadline. To be valid, the notice of withdrawal must (a) be signed by the person who signed the Opt-Out Form to be revoked and (b) be received by the Balloting Agent on or before the Voting Deadline. The Debtors reserve the right to contest any withdrawals.

iii. If two or more Opt-Out Forms are received for the same claimant but submitted by a different attorney or agent, the claimant's vote will be accepted as an election with respect to the Third-Party Releases only if the elections are consistent. If the elections are not consistent, the Balloting Agent will instruct the two (or more) attorneys to coordinate for purposes of reconciling the elections and to email the Balloting Agent with the result of such reconciliation. If the two (or more) attorneys are unable to reconcile the inconsistent elections, none of the inconsistent elections will be accepted as an election with respect to the Third-Party Releases.

iv. If multiple Opt-Out Forms are received from the Holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Opt-Out Form received from the Holder of the Claim will be the Opt-Out Form that is accepted (regardless of the order in which the Opt-Out Forms were submitted), and the Opt-Out Form received from the purported attorney or agent will not be accepted as an election with respect to the Third-Party Releases.

v. There shall be a rebuttable presumption that any claimant who submits a properly completed superseding Opt-Out Form or withdrawal of an Opt-Out Form on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's election with respect to the Third-Party Releases.

vi. If multiple Opt-Out Forms are received from a Holder of a Claim for the same Claim, the latest-dated valid Opt-Out Form that is received by the applicable Voting Deadline shall be the Opt-Out Form that is accepted as an election with respect to the Third-Party Releases.

# Exhibit 3

## Individual Ballot - Class 4 PI/WD Claim

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>UNIROYAL HOLDING, INC. , *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-18668 (MBK)<br><br>(Jointly Administered) |

**INDIVIDUAL BALLOT FOR ACCEPTING**
**OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**UNIROYAL HOLDING, INC. AND GREAT HILL CORPORATION**

**CLASS 4 — PI/WD CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' NOTICE, CLAIMS, AND SOLICITATION AGENT, OMNI AGENT SOLUTIONS, INC. (THE "**BALLOTING AGENT**") BY **OCTOBER 27, 2026 AT 4:00 P. M. (ET)** (THE "**VOTING DEADLINE**")

On [•], the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered an order [Docket No. [•]] (the "**Solicitation and Voting Procedures Order**")[2] (a) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 20] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") submitted by above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 18] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"), (b) approving the procedures for soliciting and tabulating votes to accept or reject the Plan (the "**Solicitation and Voting Procedures**"), and (c) establishing the Voting Deadline and other deadlines with respect to

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Solicitation and Voting Procedures Order.

confirmation of the Plan. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this ballot ("**Ballot**") because (a) you hold or are asserting a PI/WD Claim against the Debtors and (i) you submitted a request for a Solicitation Package to the Balloting Agent or (ii) an attorney who has certified they represent you has furnished your name and address to the Balloting Agent as a Holder of a PI/WD Claim; (b) your attorney has requested the Balloting Agent to furnish them a Solicitation Package to provide to you directly; (c) the Debtors' books and records show that (i) you may be a Holder of a PI/WD Claim and (ii) do not show that you are represented by an attorney.

*Your rights are described in the Disclosure Statement and the Solicitation and Voting Procedures Order. You should review the Disclosure Statement and the Plan before you vote. Your Claims have been placed in Class 4 under the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claims.*

If the Balloting Agent does not receive your Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count. If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote. Ballots may be (a) submitted through the Individual Ballot Portal on the Debtors' case website, at https://omniagentsolutions.com/Uniroyal, click on the "Balloting" tab of the Debtors' website, select "Submit Individual Ballot", and follow the instructions, provided on the website to submit the Ballot or (b) returned by regular mail, using the pre-addressed return envelope included in the Solicitation Package or otherwise, or by hand delivery or overnight courier to:

**IF BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY**:
Uniroyal Holding, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

(to arrange hand delivery of your Ballot, please email the Balloting Agent at UniroyalInquiries@OmniAgnt.com (with "Uniroyal Ballot Submission" in the subject line) at least 24 hours prior to arrival at the Omni address above and provide the anticipated date and time of delivery)

If you submit a Ballot electronically, you should **not** also complete and return a paper Ballot.

Copies of the Disclosure Statement, the Plan, and the Solicitation and Voting Procedures Order may be accessed by using the QR code below. In addition, contained in this package (the "**Solicitation Package**") are: an Individual Ballot; and a pre-addressed, return envelope for your completed Individual Ballot (each as defined in the Solicitation and Voting Procedures Order). Additionally, the contents of the Solicitation Package may be obtained by (a) accessing the Debtors' chapter 11 case website at https://omniagentsolutions.com/Uniroyal-Ballots; (b) writing to the Balloting Agent at Uniroyal Holding, Inc. Ballot Processing, c/o Omni Agent

Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; (c) calling the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International); (d) emailing the Balloting Agent at UniroyalInquiries@OmniAgnt.com; or (e) visiting (for a fee) PACER at http://www.njb.uscourts.gov. Please be advised that the Balloting Agent is authorized to answer questions and provide additional copies of solicitation materials but may **not** advise you as to whether you should accept, reject, or object to the Plan.

*[Remainder of page intentionally left blank]*

## INSTRUCTIONS FOR COMPLETING YOUR INDIVIDUAL BALLOT

**If Submitting your Ballot through the Individual Ballot Portal**

The Balloting Agent will accept Ballots if properly completed through the Individual Ballot Portal. To submit your Ballot via the Individual Ballot Portal, visit https://omniagentsolutions.com/Uniroyal, click on the "Balloting" tab of the Debtors' website, select "Submit Individual Ballot", and follow the instructions, provided on the website to submit the Ballot.

The Individual Ballot Portal is the sole manner in which Individual Ballots will be accepted via electronic or online transmission. Individual Ballots submitted by facsimile, email or other means of electronic transmission will not be counted, unless the party submitting such Individual Ballot previously received permission in writing from the Debtors to submit an Individual Ballot via electronic means other than the Individual Ballot Portal.

Creditors who cast an Individual Ballot using the Individual Ballot Portal should **not** also submit a paper Individual Ballot.

**If your Individual Ballot is not received by the Balloting Agent on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**If Submitting your Individual Ballot by Regular Mail, Overnight Courier, or Hand Delivery**

Submit your completed and signed Individual Ballot by mail using the postage prepaid, pre-addressed business reply envelope included in the Solicitation Package, or otherwise by regular mail, hand delivery, or overnight courier to:

Uniroyal Holding, Inc. Ballot Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

(to arrange hand delivery of your Ballot, please email the Balloting Agent at UniroyalInquiries@OmniAgnt.com (with "Uniroyal Ballot Submission" in the subject line) at least 24 hours prior to arrival at the Omni address above and provide the anticipated date and time of delivery)

To fill out your Individual Ballot properly, you must complete the following:

**Item 1. Claimant's Name, Address, Birth Year, and Email Address.**

Please fill in the name, address, and birth year information requested. You should include your street address, city, state, ZIP Code, telephone number, and email address.

**Item 2. Vote on the Plan.**

Vote on the Plan by checking the box that corresponds to your choice. You may vote to accept the Plan (meaning that you vote in favor of the Plan) or to reject the Plan (meaning that you vote against the Plan). You must check either the accept or reject box below in order to have your vote counted. If you (a) check both the accept and reject boxes or (b) do not check either the accept or reject box, your vote will not be counted. Provided that, in either case, if you check the box in item 3 to elect to opt out of the releases provided in the Plan, then you will still be designated as having opted out of the releases provided in the Plan.

**Item 3. Claim Value.**

In order to vote to accept (in favor of) or to reject (against) the Plan, a claimant or such claimant's representative or authorized signatory must certify, on information and belief, that such claimant holds a PI/WD Claim against the Debtor as of the Voting Record Date.

**Voting Claim Amount: $1.00[3]**

**Item 4. Release Opt-Out.**

Please be advised that section 9.2 of the Plan provides for the following releases which Holders of PI/WD Claims may opt out of granting. Check the box only if you wish to opt out of the releases set forth below and in section 9.2 of the Plan.

**Section 9.2 of the Plan—Releases by Holders of Claims and Interests.**

**AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON**

3 By order of the Bankruptcy Court, all PI/WD Claims shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00. This amount is not binding on you, the Debtors, the Trust, or any other party for any purpose other than voting.

**BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF**

**KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."[4]**

**ITEM 5. Certifications.**

The claimant, the claimant's personal representative, or the claimant's authorized signatory must certify certain information on the Ballot. Please ensure that you have read and understood the certifications prior to signing the Ballot.

**Return the completed, executed Individual Ballot so as to be actually received by the Balloting Agent before the Voting Deadline (or such later date as agreed by the Debtors or ordered by the Bankruptcy Court).**

---

[4] "**Related Party**" means with respect to any Entity, each of its Affiliates, and other legal representatives and its and their present and former, in each case, shareholders, direct and indirect owners, partners, members, participants, managers, consultants, Affiliates, subsidiaries, divisions, management companies, managed accounts or funds, fund advisors, predecessors, directors, officers, attorneys, accountants, financial advisors, investment bankers, employees, agents, and other representatives.

"**Released Party**" means, in each case solely in its capacity as such: each of (1) the Debtors, (2) the Debtor Related Parties, (3) each Holder of an Interest, (4) the Ad Hoc Group, (5) the Committee, and (6) each Related Party of each party described in clauses (3) through (4). Notwithstanding anything to the contrary herein, the term "Released Party" shall not include (a) any successors in interest to (i) Uniroyal Power Transmission, Inc. (including The Gates Rubber Company, Tomkins plc, Onex Corporation, Blackstone, and Gates Industrial Corporation plc), (ii) Uniroyal Plastics Company, Inc. (including Polycast Technology Company and Uniroyal Technology Corp.), (iii) Uniroyal Chemical Company, Inc. (including Uniroyal Chemical Acquisition Corporation, Avery, Inc., Chemtura Corporation, and Laxness AG), (iv) Michelin North America, Inc., (v) Uniroyal Textiles (including Dominion Textile, Polymer Group, Inc., Blackstone, Avintiv, Inc., Berry Global Group, Inc., and Amcor PLC), (vi) Uniroyal-Goodrich Tire Company, or (vii) Uniroyal Properties Company, Inc., or for the foregoing (a)(i)-(vii) any of their affiliates, or (b) Michelin and any of its past, present and future Affiliates, parent and subsidiary entities, related parties, successors, board members, executives, and shareholders solely in their capacity as such; provided, however, that the exclusions set forth in clauses (a) through (b) shall apply only to the extent such party is not listed on Schedule 2 of the Plan.

"**Releasing Parties**" means, collectively, and in each case solely in their respective capacities as such: (1) each Released Party; (2) each holder of a Claim in Class 1, Class 2, or Class 3 that has not filed an objection to the release contained in section 9.2 herein prior to the deadline to submit a ballot to accept or reject the Plan or timely submitted a Release Opt-Out; (3) each holder of a Claim in Class 4 that did not check the Release Opt-Out on its ballot; and (4) each Related Party of an Entity in clauses (2) through (3) solely to the extent that such Entity is legally entitled to bind such Related Party to the releases contained in section 9.2 herein.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS INDIVIDUAL BALLOT.**

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. IF THIS INDIVIDUAL BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST[5].**

**Item 1. Claimant's Name, Address, Birth Year, and Email Address.**

________________________________________
Name

________________________________________
Street Address

________________________________________
City, State, and ZIP Code

________________________________________
Birth Year

________________________________________
Telephone Number

________________________________________
Email Address

**Item 2. Vote on the Plan.**

The undersigned, as Holder of (or representative of a Holder of) a PI/WD Claim, votes (fill in ONE box only)

☐ to ACCEPT (vote in favor of) the Plan.

☐ to REJECT (vote against) the Plan.

[5] For the avoidance of doubt, any Individual Ballot submitted online through the Individual Ballot Portal in accordance with the instructions therein will be deemed to contain an original signature.

**Item 3. Voting Claim Amount**

Voting Claim Amount: $1.00[6]

**Item 4. Release Opt-Out.**

Check the box if you elect to opt out of the releases contained in section 9.2 of the Plan as set forth below.

☐ **Opt Out**

**Section 9.2 of the Plan—Releases by Holders of Claims and Interests.**
**AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING,**

[6] All PI/WD Claims shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00. This amount is not binding on you, the Debtors, the Trust, or any other party for any purpose other than voting.

**THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

**ITEM 5. Certifications.**

By signing this Individual Ballot, the Holder of a PI/WD Claim (or such Holder's personal representative or authorized signatory) certifies under penalty of perjury that each of the following statements is true and correct:

(a) It has been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto, and the Solicitation Package materials.

(b) It has full power and authority to vote to accept (vote in favor of the Plan) or to reject (vote against the Plan).

(c) It has a reasonable belief that it is a Holder of a PI/WD Claim as of the Voting Record Date.

**Signature and Date**

____________________________________________________________
Signature of Holder or Personal Representative or Authorized Signatory

____________________________________________________________
Print name of signatory and authority to sign, i.e. Holder, or Personal Representative or Authorized Signatory

____________________________________________________________
Date

**YOU <u>MUST</u> SIGN ABOVE IN ORDER FOR YOUR VOTE ON THE PLAN TO BE COUNTED.**

**IF THIS INDIVIDUAL BALLOT IS NOT RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE ON <u>OCTOBER 27, 2026 AT 4:00 P.M. (EASTERN TIME)</u>, OR SUCH LATER DATE AS AGREED BY THE DEBTORS OR BY ORDER OF THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED AND YOU WILL NOT OPT OUT OF GRANTING THE RELEASES IN THE PLAN.**

# Exhibit 4

## Master Ballot - Class 4 PI/WD Claim

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>UNIROYAL HOLDING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-18668 (MBK)<br><br>(Jointly Administered) |

**MASTER BALLOT FOR**
**ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN**
**OF UNIROYAL HOLDING, INC. AND GREAT HILL CORPORATION**

**CLASS 4 — PI/WD CLAIMS**[2]

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE DEBTORS' NOTICE, CLAIMS, AND SOLICITATION AGENT, OMNI AGENT SOLUTIONS, INC. (THE "**BALLOTING AGENT**") BY **OCTOBER 27, 2026 AT 4:00 P. M. (ET)** (THE "**VOTING DEADLINE**")

On [•], the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered an order [Docket No. [•]] (the "**Solicitation and Voting Procedures Order**") (a) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 20] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") submitted by above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 18] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"), (b) approving the procedures for soliciting and tabulating votes to accept or reject the Plan (the "**Solicitation and Voting Procedures**"), and (c) establishing the Voting Deadline and other deadlines with respect to confirmation of the Plan. The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of title 11 of the United States

1 The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

Code (the "**Bankruptcy Code**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot (the "**Master Ballot**") because the Debtors' records indicate that your firm (the "**Firm**") represents certain clients that may be Holders of Class 4 PI/WD Claims ("**PI/WD Clients**") under the Plan in their capacity as such. You may use the Master Ballot to transmit your PI/WD Clients' votes to accept or reject the Plan. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect to the Plan. If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Master Ballot, you must contact the Balloting Agent immediately via the contact information set forth herein.

*Your PI/WD Clients' rights are described in the Disclosure Statement and the Solicitation and Voting Procedures Order. Your PI/WD Clients should review the Disclosure Statement and the Plan before they vote. Your PI/WD Clients' Claims have been placed in Class 4 under the Plan. They may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of their Claims.*

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims. To have the votes of your Clients count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so it is actually received by the Balloting Agent on or before the Voting Deadline and, if the Voting Deadline is not extended, votes received after the Voting Deadline will not be counted.

**The entire Master Ballot (including the completed Exhibit (as defined below)) must be delivered to the Balloting Agent via the electronic Ballot submission platform on the Balloting Agent's website (the "Law Firm Master Ballot Portal") by visiting https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab of the Debtors' website, selecting "Submit Firm Master Ballot", and following the instructions set forth on the website.**

The Law Firm Master Ballot Portal, accessible per the instructions provided below, is the sole manner in which Master Ballots and Exhibits will be accepted unless you have received prior permission in writing from the Debtors to submit a Master Ballot and Exhibit via means other than the Law Firm Master Ballot Portal. In the absence of such permission, Master Ballots and Exhibits submitted by mail, facsimile, email, or other means will not be counted.

Copies of the Disclosure Statement, the Plan, and the Solicitation and Voting Procedures Order may be accessed by using the QR code below. In addition, contained in this package (the "**Solicitation Package**") are a paper copy of the Confirmation Hearing Notice (as defined in the Solicitation and Voting Procedures) and the Master Ballot and a USB drive containing a form of the Exhibit that must accompany the Master Ballot. Additionally, the contents of the Solicitation Package, except for the form of Exhibit, may be obtained by (a) accessing the Debtors' chapter 11 case website at https://omniagentsolutions.com/Uniroyal-Ballots; (b) writing to the Balloting Agent at Uniroyal Holding, Inc. Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; (c) calling the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International); (d) emailing the Balloting Agent at UniroyalInquiries@omniagnt.com; or (e) visiting (for a fee) PACER at

http://www.njb.uscourts.gov. Please be advised that the Balloting Agent is authorized to answer questions and provide additional copies of solicitation materials but may not advise you as to whether you should accept, reject, or object to the Plan.

If you wish for any of your PI/WD Clients to be sent a Solicitation Package (without a Ballot (as defined in the Solicitation and Voting Procedures)) you must furnish the Balloting Agent by encrypted e-mail at UniroyalInquiries@omniagnt.com with a list in electronic Microsoft Excel format setting forth the names and addresses of each such Holder, within five Business Days of receiving a copy of the Solicitation Package.

**To use this Master Ballot with respect to any PI/WD Client you represent, your Firm must certify that it has authority to vote on the Plan on behalf of such Holder pursuant to either an Option (a) Certification or Option (b) Certification (as defined below).**

> "**Option (a) Certification**": The Firm shall distribute the Solicitation Package (without a Ballot) to each of its PI/WD Clients and ask each client to provide his or her affirmative vote to accept or reject the Plan (along with any other responsive election to be reflected on the Exhibit to the Master Ballot) and the Firm shall record the affirmative responses on the Master Ballot and reflect that the vote and other responses were collected by means of an Option (a) Certification. For the avoidance of doubt, a Firm may not rely on providing any of its PI/WD Clients negative notice when completing the Master Ballot on behalf of any PI/WD Client if such client did not affirmatively respond with an express answer for each applicable election. Each Firm shall collect the responses through customary and accepted practices in accordance with applicable rules of professional conduct (including telephone, email, and other standard communication methods) from each PI/WD Client, and shall submit a log of the responses it has received to the Balloting Agent contemporaneously with its Master Ballot submission, which may be subject to discovery. For the avoidance of doubt, if a PI/WD Client provides his or her responses orally or via telephone, the Firm shall contemporaneously maintain a record of the responses of the Firm's PI/WD Clients and shall include those responses with the log.

> "**Option (b) Certification**": If the Firm has the authority under a power of attorney to vote to accept or reject the Plan (in addition to the other elections under the Master Ballot) on behalf of its PI/WD Clients, the Firm shall complete the Master Ballot in accordance with the power granted to the Firm and reflect that the vote and other elections were collected by means of an Option (b) Certification. For any PI/WD Clients whose elections on the Master Ballot were completed by utilizing the Option (b) Certification, the Firm shall supply the power(s) of attorney concurrently with the Master Ballot and Exhibit that provided the Firm with the authorization to act on behalf of such PI/WD Client(s).

With respect to any PI/WD Client you (a) are unable to certify that you have the authority to vote on the Plan on behalf of such Holder pursuant to Option (a) Certification or Option (b) Certification, or (b) wish such PI/WD Client to cast his or her own ballot on the Plan, you must:

furnish the Balloting Agent by encrypted e-mail at UniroyalInquiries@omniagnt.com with a list in electronic Microsoft Excel format setting forth the name and address for each such Holder within five Business Days of receiving the Solicitation Package.

*[Remainder of page intentionally left blank]*

## INSTRUCTIONS FOR COMPLETING YOUR MASTER BALLOT

1. The Debtors are soliciting the votes of Holders of PI/WD Claims with respect to the Plan as described in the Disclosure Statement.

2. The Bankruptcy Court may confirm the Plan and thereby bind Holders of PI/WD Claims, if the Plan is confirmed and becomes effective. Please review the Disclosure Statement for more information.

3. This Master Ballot is to be used by Firms representing PI/WD Clients who are authorized to vote on behalf of such PI/WD Clients to accept or reject the Plan on their behalf.

4. If a Ballot is submitted by a PI/WD Client directly to the Balloting Agent and the PI/WD Client is also included in a Master Ballot, the Ballot submitted by the claimant will be counted and will supersede any vote returned in a Master Ballot on behalf of that PI/WD Client.

5. To be entitled to vote on the Plan, a Holder of a PI/WD Claim (either directly or through his or her attorney or agent) must be able to certify, on information and belief, formed after an inquiry reasonable under the circumstances, that such Holder has a PI/WD Claim.

6. To have the votes reflected on the Master Ballot counted for purposes of voting on the Plan, the Master Ballot must be completed, signed, and returned so that it is actually received no later than the Voting Deadline (or such later date as agreed by the Debtors or extended by order of the Bankruptcy Court) by the Balloting Agent as set forth in the instructions below. Master Ballots will **not** be accepted by e-mail, facsimile transmission, or other electronic submissions, nor will Master Ballots be accepted in hard copy format by regular mail, overnight courier, or hand delivery, unless the party submitting such Master Ballot previously received permission in writing from the Debtors to submit a Master Ballot via means other than the Law Firm Master Ballot Portal. If the Master Ballot is not signed, the Master Ballot will not be valid or counted.[3]

7. This Master Ballot will not constitute or be deemed a proof of Claim, an assertion of a Claim, the allowance of a Claim, or the acceptance or liquidation of any PI/WD Claim for purposes of distribution from the Trust. None of the information set forth in this Master Ballot shall constitute an admission by any Debtor as to the extent, validity, or priority of the Claim voted herein, nor shall anything contained herein be binding upon any Debtor or the claimant in any subsequent claims resolution process or other proceeding. This Master Ballot may not be used for any purposes other than to transmit votes on the Plan.

8. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If a Firm would like to change the vote of one or more of its PI/WD Clients before the Voting Deadline, such Firm must submit an entirely

[3] For the avoidance of doubt, any Master Ballot submitted online, through the Law Firm Master Ballot Portal in accordance with the instructions therein, will be deemed to contain an original signature.

new and updated Master Ballot and Exhibit, which will replace (in their entirety) the previously submitted Master Ballot and Exhibit. In the event a Firm requests after the Voting Deadline to (a) withdraw the vote of one or more of its Clients or (b) change the vote of one or more of its PI/WD Clients, such withdrawal or change, as applicable, must comply with the process and requirements set forth in Bankruptcy Rule 3018. Notwithstanding the foregoing, if multiple Master Ballots are received for the same Holder on the same Claim, but are submitted by different Firms, the PI/WD Client's vote will be counted only once and only if the votes on each Ballot are consistent. If the votes are not consistent, the Balloting Agent shall contact the relevant Firms, with notice of such communication to counsel to the Debtors, and request that the Firms coordinate with each other to resolve the conflicting representation, and for the appropriate Firms to send an e-mail to UniroyalInquiries@OmniAgnt.com with "Uniroyal – Master Ballot" in the subject line, copying all affected Firms and the Debtors confirming such resolution. If representation of a PI/WD Client is not resolved before the earlier of (a) 10 calendar days from the notice of the conflict as provided by the Balloting Agent or (b) the Voting Deadline, such votes shall not be counted.

9. Each PI/WD Client that votes must vote his, her, or its entire Claim either to accept (vote in favor of) or to reject (vote against) the Plan. A Holder of a PI/WD Claim may not split his, her, or its vote. Accordingly, the votes of any PI/WD Client who purports partially to accept and partially to reject the Plan will not be counted.

10. If the Master Ballot is signed and timely submitted to the Balloting Agent, but does not (a) designate either acceptance or rejection of the Plan, or designates both acceptance and rejection, of the Plan, or (b) provide each claimant's email address or (c) does not provide the birth year of the claimant, then the Balloting Agent or the Debtors may, at their own discretion, contact the party submitting the Master Ballot in order to cure the defect on the Master Ballot or such vote will not be counted either as an acceptance or rejection of the Plan. Provided that, in the case of clause (a), if such PI/WD Client is designated as electing to opt out of the releases provided in the Plan, then such PI/WD Client will in each case be designated as having opted out of the releases provided in the Plan.

11. To complete the Master Ballot properly, you must follow the procedures described below:

**Item 1** of the Master Ballot asks you to indicate how many Holders of PI/WD Claims listed on the Exhibit accept or reject the Plan. If all of your Firm's PI/WD Clients have authorized your Firm to accept / vote in favor of the Plan, please check the box indicating same. If all of your Firm's PI/WD Clients have authorized your Firm to reject / vote against the Plan, please check the box indicating same. If some of your Firm's PI/WD Clients have authorized your Firm to accept / vote in favor of the Plan, while others have authorized you to reject / vote against the Plan, please check the box indicating the same and be certain to specify on the Exhibit which Clients have accepted the Plan and which Clients have rejected the Plan.

**Item 2** of the Master Ballot requires you to prepare a list of each Holder of a PI/WD Claim that you represent and for whom you are (a) voting under a power of attorney or (b) have been authorized to vote with such Holder's affirmative consent under applicable law, in substantially

the same format as provided in the Master Ballot that will become the Exhibit to the Master Ballot. The Exhibit should indicate the following for each claimant: (a) the last name of the PI/WD Client, (b) the first name of the PI/WD Client, (c) the last four digits of the Social Security Number of the PI/WD Client (if the PI/WD Client has a Social Security Number), (d) the date of birth of the PI/WD Client, (e) whether the claimant votes to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan, (f) whether the Client's vote is submitted pursuant to the Option (a) Certification or the Option (b) Certification (as defined above), (g) the service method that your Firm has used to transmit the Solicitation Package materials (excluding a Ballot) to your PI/WD Clients, *e.g.*, in hard copy, flash drive, or electronic formats; and (h) whether the PI/WD Client opts out of the releases as presented in the instructions.

**Item 3. Release Opt-Out.**

Please be advised that section 9.2 of the Plan provides for the following releases which Holders of PI/WD Claims may opt out of granting. Indicate on the Master Ballot Exhibit for each claimant only if they wish to opt out of the releases set forth below and in section 9.2 of the Plan.

**Section 9.2 of the Plan—Releases by Holders of Claims and Interests.**

**AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR**

**RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."[4]**

---

[4] "**Related Party**" means with respect to any Entity, each of its Affiliates, and other legal representatives and its and their present and former, in each case, shareholders, direct and indirect owners, partners, members, participants, managers, consultants, Affiliates, subsidiaries, divisions, management companies, managed accounts or funds, fund advisors, predecessors, directors, officers, attorneys, accountants, financial advisors, investment bankers, employees, agents, and other representatives.

"**Released Party**" means, in each case solely in its capacity as such: each of (1) the Debtors, (2) the Debtor Related Parties, (3) each Holder of an Interest, (4) the Ad Hoc Group, (5) the Committee, and (6) each Related Party of each party described in clauses (3) through (4). Notwithstanding anything to the contrary herein, the term "Released Party" shall not include (a) any successors in interest to (i) Uniroyal Power Transmission, Inc. (including The Gates Rubber Company, Tomkins plc, Onex Corporation, Blackstone, and Gates Industrial Corporation plc), (ii) Uniroyal Plastics Company, Inc. (including Polycast Technology Company and Uniroyal Technology Corp.), (iii) Uniroyal Chemical Company, Inc. (including Uniroyal Chemical Acquisition Corporation, Avery, Inc., Chemtura Corporation, and Laxness AG), (iv) Michelin North America, Inc., (v) Uniroyal Textiles (including Dominion Textile, Polymer Group, Inc., Blackstone, Avintiv, Inc., Berry Global Group, Inc., and Amcor PLC), (vi) Uniroyal-Goodrich Tire Company, or (vii) Uniroyal Properties Company, Inc., or for the foregoing (a)(i)-(vii) any of their affiliates, or (b) Michelin and any of its past, present and future Affiliates, parent and subsidiary entities, related parties, successors, board members, executives, and shareholders solely in their capacity as such; provided, however, that the exclusions set forth in clauses (a) through (b) shall apply only to the extent such party is not listed on Schedule 2 of the Plan.

**Item 4** of the Master Ballot requires that you:

- make certain certifications as a prerequisite to the submission of votes on behalf of voting Clients (please ensure that you have read and understood the certifications prior to signing the Master Ballot, and that the certification is correct for each PI/WD Claim voted on the Master Ballot),
- sign the Master Ballot,
- provide your name and mailing address where indicated, and
- contact the Balloting Agent if you need additional information or copies of any documents contained in the Solicitation Package.

**Return the completed, executed Master Ballot, including the Exhibit so as to be actually received by the Balloting Agent before the Voting Deadline (or such later date as agreed by the Debtors or ordered by the Bankruptcy Court).**

---

"**Releasing Parties**" means, collectively, and in each case solely in their respective capacities as such: (1) each Released Party; (2) each holder of a Claim in Class 1, Class 2, or Class 3 that has not filed an objection to the release contained in section 9.2 herein prior to the deadline to submit a ballot to accept or reject the Plan or timely submitted a Release Opt-Out; (3) each holder of a Claim in Class 4 that did not check the Release Opt-Out on its ballot; and (4) each Related Party of an Entity in clauses (2) through (3) solely to the extent that such Entity is legally entitled to bind such Related Party to the releases contained in section 9.2 herein.

**PLEASE COMPLETE, SIGN, AND DATE THIS**
**MASTER BALLOT AND RETURN IT WITH THE EXHIBIT PROMPTLY TO:**

**By the Law Firm Master Ballot Portal**

If you use this Master Ballot, you must submit the Master Ballot, and upload the Master Ballot Exhibit, through the Law Firm Master Ballot Portal, visit https://omniagentsolutions.com/Uniroyal, click on the "Balloting" tab of the Debtors' website, select "Submit Law Firm Master Ballot", and follow the instructions, provided on the website to submit the Ballot.

The Law Firm Master Ballot Portal is the sole manner in which Master Ballots and Exhibits will be accepted. Master Ballots submitted by any other means will **not** be counted, unless the party submitting such Master Ballot previously received permission in writing from the Debtors to submit a Master Ballot via electronic means other than the Law Firm Master Ballot Portal.

Master Ballots conforming to these instructions and properly submitted through the Law Firm Master Ballot Portal shall be deemed to contain an original signature.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE BALLOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT AND EXHIBIT.**

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 3. IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST[5].**

**Item 1. Voting Summary.**

Please note that each Holder of a PI/WD Claim who votes must vote the entire amount of his or her Claim to accept or reject the Plan. Any Holder of a PI/WD Claim who attempts partially to reject and partially to accept the Plan will not have their vote counted. If this Master Ballot is signed and timely received by the Balloting Agent but does not designate either acceptance or rejection or designates both acceptance and rejection of the Plan for any particular PI/WD Claim, such vote will not be counted either as an acceptance or rejection of the Plan. After you complete the voting summary below, you must complete the Exhibit accompanying this Master Ballot and discussed in Item 2 below for each of your PI/WD Clients for your PI/WD Clients' votes to be counted.

**Please mark only one of the boxes below:**

☐ All claimants listed on the Exhibit (as defined below) accompanying this Master Ballot ACCEPT (vote in favor of) the Plan.

☐ All claimants listed on the Exhibit accompanying this Master Ballot REJECT (vote against) the Plan.

☐ Some of the claimants listed on the Exhibit accompanying this Master Ballot ACCEPT (vote in favor of) the Plan, while other claimants listed on the Exhibit accompanying this Master Ballot REJECT (vote against) the Plan.

**Item 2. List of PI/WD Clients.**

You should have received in the Solicitation Package a USB drive with a file containing an Excel spreadsheet indicating each PI/WD Client you represent (the "**Exhibit**"), which list is formatted as follows below. The completed Exhibit should indicate the following for each PI/WD Client you represent: (a) the last name of the PI/WD Client, (b) the first name of the PI/WD Client, (c) the last 4 digits of the Social Security Number of the PI/WD Client (if the PI/WD Client has a Social Security Number), (d) the date of birth of the PI/WD Client, (e) whether the claimant votes to ACCEPT (vote in favor of) or to REJECT (vote against) the Plan, (f) whether the Client's vote is submitted pursuant to the Option (a) Certification or the Option (b) Certification (as defined below), (g) the service method that your Firm has used to transmit the Solicitation Package materials (excluding a Ballot) to your clients *e.g.*, in hard copy, flash drive, or electronic formats,

[5] For the avoidance of doubt, any Master Ballot submitted online, through the Law Firm Master Ballot Portal in accordance with the instructions therein, will be deemed to contain an original signature.

and (h) whether the PI/WD Client opts out of the releases as presented in the instructions. Please note that your PI/WD Clients' votes may not be counted if you fail to provide each of the pieces of information listed in the Exhibit. If you are unable to submit your Master Ballot and Exhibit via the Law Firm Master Ballot Portal, please contact the Balloting Agent at UniroyalInquiries@OmniAgnt.com with "Uniroyal – Master Ballot" in the subject line or at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International). The Exhibit template should be in the following format and is included with the Solicitation Package:

| Claimant's Last Name | Claimant's First Name | Claimant's SSN (last 4 digits) | Claimant's Date of Birth | Vote to ACCEPT / in Favor of OR Vote to REJECT / Against the Plan | Type of Authority for Vote | Method of Service of Solicitation Documents | Opts Out of Releases (Leave Blank if Not Opting Out) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**Please note that you must use the Exhibit accompanying your Master Ballot to record the votes of your PI/WD Clients, and you must submit the Exhibit together with the Master Ballot. If you do not complete the Exhibit provided to you with your Master Ballot and submit it together with your Master Ballot, your Clients' votes may not be counted.**

**Item 3. Release Opt-Out.**

Indicate on the Exhibit for each PI/WD Client only if they wish to opt out of the releases set forth below and in section 9.2 of the Plan. If a PI/WD Client votes to accept or to reject the Plan and wishes to opt out of granting the releases provided in the Plan, the opt out selection in the Exhibit must be made for such PI/WD Client, and the completed Master Ballot returned to the Balloting Agent so as to be received by the Voting Deadline.

**Please note:**

(a) Opting out of granting the releases in section 9.2 of the Plan on behalf of any PI/WD Client will not affect the treatment received by that PI/WD Client under the Plan other than with respect to the releases.

(b) If the Plan becomes effective, your PI/WD Clients who vote to accept or reject the Plan will be deemed to provide the releases contained the Plan, unless the opt out has been selected for your PI/WD Client.

**Section 9.2 of the Plan—Releases by Holders of Claims and Interests.**

**AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH**

**RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.**

**EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."**

**Item 4. Certifications and Acknowledgment.**

By signing this Master Ballot, the undersigned certifies under penalty of perjury that each of the following statements is true and correct:

(a) I have been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto, and the Solicitation Package materials.

(b) I certify by either the Option (a) Certification or the Option (b) Certification that each of the claimants set forth on the accompanying Exhibit is represented by me.

(c) I have met all applicable standards to receive informed consent from each of my PI/WD Clients with respect to each such PI/WD Client's vote and the release opt out election on this Master Ballot.

(d) I have conducted the diligence necessary to form a reasonable belief that each of my PI/WD Clients set forth on the Exhibit is a Holder of a Claim in Class 4 (PI/WD Claim) as of the Voting Record Date.

(e) I acknowledge that a vote to accept the Plan constitutes acceptance of the treatment of each PI/WD Client as a Holder of a PI/WD Claim under the Plan.

(f) I understand that, if accepting the Plan on behalf of one of my PI/WD Clients, my client agrees with the treatment provided for his or her PI/WD Claim under the Plan.

(g) I have provided the Solicitation Package materials (excluding a Ballot) to my PI/WD Clients in a timely manner in the form (whether hard copy, flash drive, electronic format, or other means) which my PI/WD Clients have requested.

(h) I further acknowledge that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Solicitation and Voting Procedures Order, and the Solicitation and Voting Procedures contained therein.

| | |
|---|---|
| Print or Type Name of Attorney: | ______________________________ |
| Name of Law Firm: | ______________________________ |
| Attorney Signature: | ______________________________ |
| Street Address: | ______________________________ |
| City, State, Zip Code: | ______________________________ |
| Telephone Number: | ______________________________ |
| Email Address: | ______________________________ |
| Date Completed: | ______________________________ |

**The entire Master Ballot (including the completed Exhibit) must be delivered to the Balloting Agent via the Law Firm Master Ballot Portal by visiting https://omniagentsolutions.com/Uniroyal, clicking on the "Balloting" tab of the Debtors' website, selecting "Submit Firm Master Ballot", and following the instructions set forth therein.**

**IF THIS MASTER BALLOT AND ACCOMPANYING EXHIBIT ARE NOT RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE ON OCTOBER 27, 2026 AT 4:00 P.M. (EASTERN TIME), OR SUCH LATER DATE AS AGREED BY THE DEBTORS OR BY ORDER OF THE BANKRUPTCY COURT, YOUR PI/WD CLIENTS' VOTES WILL NOT BE COUNTED AND YOUR PI/WD CLIENTS WILL NOT OPT OUT OF GRANTING THE RELEASES IN THE PLAN.**

# Exhibit 5

## Opt-Out Form

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>UNIROYAL HOLDING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-18668 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF NON-VOTING STATUS AND OPT-OUT FORM TO HOLDERS OR POTENTIAL HOLDERS OF UNIMPAIRED OR IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED TO ACCEPT OR REJECT THE PLAN**

**You are receiving this Notice of Non-Voting Status and Opt-Out Form because your rights may be affected under the Plan. Due to the nature and treatment of your Claim or Interest under the Plan, you are not entitled to vote on the Plan.**

**SECTION 9 OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. SECTION 9.2 THEREIN CONTAINS A THIRD-PARTY RELEASE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED THEREUNDER.**

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN SECTION 9.2 OF THE PLAN USING THE ENCLOSED OPT-OUT FORM WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASES SET FORTH IN SECTION 9.2 OF THE PLAN, YOU WILL FORGO THE BENEFIT OF OBTAINING THE THIRD-PARTY RELEASES SET FORTH IN SECTION 9.2 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan. Specifically, your recovery under the Plan will be the same if you opt out; however, in the event you opt out of the Third-Party Releases in**

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

**the Plan, you will not be granted a release from the Releasing Parties under the Plan to the extent you are entitled to one.**

**The Opt-Out Form must be submitted no later than October 27, 2026 (the "Opt-Out Deadline").**

**You should review this notice and the Plan carefully and may wish to consult an attorney as your rights may be affected.**

*General Information Concerning this Notice of Non-Voting Status and Opt-Out Form*

On July 31, 2026, Uniroyal Holding, Inc. and Great Hill Corporation, as debtors and debtors in possession (collectively, the "**Debtors**"), commenced chapter 11 cases in the United States Bankruptcy Court for the District of New Jersey (the "**Court**"). The Debtors have commenced the solicitation of votes, in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), to accept or reject the *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 18] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"),[2] attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 20] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") from Holders of PI/WD Claims.

Copies of the Disclosure Statement, the *Order (I) Approving the Disclosure Statement, (II) Approving Solicitation, Notice, and Tabulation Procedures and Forms Related Thereto, (III) Scheduling a Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Plan Confirmation, and (V) Granting Related Relief*, and the Plan may be accessed by using the QR code below. Additionally, each document may be obtained by (a) accessing the Debtors' chapter 11 case website at https://omniagentsolutions.com/Uniroyal-Ballots; (b) writing to the Balloting Agent at Uniroyal Holding, Inc. Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; (c) calling the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International); (d) emailing the Balloting Agent at UniroyalInquiries@omniagnt.com; or (e) visiting (for a fee) PACER at http://www.njb.uscourts.gov. Please be advised that the Balloting Agent is authorized to answer questions and provide additional copies of solicitation materials but may **not** advise you as to whether you should object to the Plan.

You are receiving this notice of non-voting status and the Third-Party Release opt-out form attached as Appendix B (the "**Opt-Out Form**") because, according to the Debtors' books and

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

records, you may be a Holder of a Claim against or Interest in one or more of the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, ***is not entitled to vote on the Plan***. Specifically, under the terms of the Plan, Claims in Class 1 (Secured Claims) and Class 2 (Other Priority Claims), and Class 3 (General Unsecured Claims) are Unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan. Claims and Interests in Class 5 (Intercompany Claims) and Class 6 (Interests) (collectively with Classes 1, 2, and 3, the "**Non-Voting Classes**") are Impaired under the Plan with no recovery and, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject the Plan. Therefore, Holders of Claims and Interests in Classes 1, 2, 3, 5, and 6 are not entitled to vote to accept or reject the Plan.

Section 9.1 of the Plan contains releases by the Debtors and section 9.2 of the Plan contains a ***Third-Party Release*** (the "**Third-Party Releases**"). Section 9 also contains exculpation and injunction provisions. These provisions are described in Appendix A. You are advised and encouraged to carefully review and consider the Plan and Disclosure Statement, including the release, exculpation, and injunction provisions, as your rights might be affected.

***The Opt-Out Form provided in Appendix B provides you with the opportunity to elect to opt out of the Third-Party Releases described in Appendix A.***

**THE OPT-OUT FORM MUST BE SUBMITTED NO LATER THAN OCTOBER 27, 2026, AT 4:00 P.M. (PREVAILING EASTERN TIME).** If you elect to opt out of the Third-Party Releases, you will not be deemed to have granted the Third-Party Releases set forth in section 9.2 of the Plan. If you opt out of the Third-Party Releases, you will not be a Released Party under the Plan and will forgo any benefit of the Third-Party Releases to which you may otherwise be entitled. The Opt-Out Form in Appendix B provides you with the opportunity to elect to opt out of the Third-Party Releases.

*Making an Alternative Election Under This Opt-Out Form*

**Holders of Claims and Interests who take no action with respect to the Opt-Out Form will automatically be deemed to grant the Third-Party Releases contained in section 9.2 of the Plan**.

You should review the Disclosure Statement and the Plan before you make any election on the Opt-Out Form. You may wish to seek legal advice concerning the election available under the Opt-Out Form.

**Questions may be directed to the Balloting Agent** at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International) or by e-mail at UniroyalInquiries@OmniAgnt.com (with "Uniroyal Solicitation" in the subject) or by submitting an inquiry on the Debtors' case website **https://omniagentsolutions.com/Uniroyal. Copies of the Plan and Disclosure Statement may also be obtained by** (a) accessing the Debtors' chapter 11 case website at https://omniagentsolutions.com/Uniroyal-Ballots; (b) writing to the Balloting Agent at Uniroyal Holding, Inc. Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; (c) calling the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International);or (d) emailing the Balloting Agent at

UniroyalInquiries@omniagnt.com. **The Plan, Disclosure Statement, and related documents are also available for a fee through the Court's electronic case filing system at www.njb.uscourts.gov using a PACER password (to obtain a PACER password, go to the PACER website at http://pacer.psc.uscourts.gov).**

**YOU SHOULD NOT DIRECT ANY QUESTIONS TO ANY OF THE DEBTOR ENTITIES, THE DEBTORS' AGENTS (OTHER THAN THE BALLOTING AGENT), OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

**THE BALLOTING AGENT IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.**

Dated: [●], 2026

*/s/ [●]*

**DUANE MORRIS LLP**
Morris S. Bauer (NJ Bar No. 039711990)
Drew S. McGehrin (NJ Bar No. 196852016)
Klara Bradbury (admitted *pro hac vice*)
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2000
Email: msbauer@duanemorris.com
dsmcgehrin@duanemorris.com
kbradbury@duanemorris.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Samuel A. Newman (admitted *pro hac vice*)
Michael C. Godbe (admitted *pro hac vice*)
Evan M. Raskin (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Email: nlabovitz@debevoise.com
snewman@debevoise.com
mcgodbe@debevoise.com
emraskin@debevoise.com

*Co-Counsel to the Debtors and Debtors in Possession*

# Appendix A

## Release, Injunction, and Exculpation Provisions in the Plan[1]

**Section 9.2 of the Plan —Releases by Holders of Claims and Interests.**

AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, WAIVED, AND DISCHARGED EACH RELEASED PARTY FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE), INCLUDING: (1) ANY DERIVATIVE CLAIMS ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS OR THE CONDUCT OF THEIR BUSINESS (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION UP UNTIL THE EFFECTIVE DATE); (2) THE FORMULATION, PREPARATION, DISSEMINATION, OR NEGOTIATION OF: (A) THE PLAN; (B) THE DISCLOSURE STATEMENT; OR (C) ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH: (I) THE PLAN; (II) THE DISCLOSURE STATEMENT; OR (III) THESE CHAPTER 11 CASES; (3) THE PURSUIT OF CONFIRMATION OF THE PLAN; (4) THE PURSUIT OF CONSUMMATION OF THE PLAN; (5) THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT; AND (6) ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE (IN EACH CASE, WHETHER PREPETITION OR POSTPETITION) RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.2 SHALL NOT RELEASE (1) ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED ACTUAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE; OR (2) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THE PLAN.

EACH RELEASING PARTY DEEMED TO GRANT THE RELEASES DESCRIBED IN THIS SECTION 9.2 SHALL BE DEEMED TO HAVE GRANTED SUCH RELEASES NOTWITHSTANDING THAT SUCH PERSON OR ENTITY MAY HEREAFTER DISCOVER

[1] Capitalized terms used but not defined in this Appendix A have the meanings given to them in the Plan.

FACTS IN ADDITION TO, OR DIFFERENT FROM, THOSE WHICH SUCH PERSON OR ENTITY NOW KNOWS OR BELIEVES TO BE TRUE, AND WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH DIFFERENT OR ADDITIONAL FACTS, AND SUCH PERSON OR ENTITY EXPRESSLY WAIVES ANY AND ALL RIGHTS THAT SUCH PERSON OR ENTITY MAY HAVE UNDER ANY STATUTE OR COMMON LAW PRINCIPLE, INCLUDING, WITHOUT LIMITATION, SECTION 1542 OF THE CALIFORNIA CIVIL CODE, TO THE EXTENT SUCH SECTION IS APPLICABLE, WHICH WOULD LIMIT THE EFFECT OF SUCH RELEASES TO THOSE CLAIMS OR CAUSES OF ACTION ACTUALLY KNOWN OR SUSPECTED TO EXIST ON THE EFFECTIVE DATE. SECTION 1542 OF THE CALIFORNIA CIVIL CODE GENERALLY PROVIDES AS FOLLOWS: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."[2]

---

[2] "**Related Party**" means with respect to any Entity, each of its Affiliates, and other legal representatives and its and their present and former, in each case, shareholders, direct and indirect owners, partners, members, participants, managers, consultants, Affiliates, subsidiaries, divisions, management companies, managed accounts or funds, fund advisors, predecessors, directors, officers, attorneys, accountants, financial advisors, investment bankers, employees, agents, and other representatives.

"**Released Party**" means, in each case solely in its capacity as such: each of (1) the Debtors, (2) the Debtor Related Parties, (3) each Holder of an Interest, (4) the Ad Hoc Group, (5) the Committee, and (6) each Related Party of each party described in clauses (3) through (4). Notwithstanding anything to the contrary herein, the term "Released Party" shall not include (a) any successors in interest to (i) Uniroyal Power Transmission, Inc. (including The Gates Rubber Company, Tomkins plc, Onex Corporation, Blackstone, and Gates Industrial Corporation plc), (ii) Uniroyal Plastics Company, Inc. (including Polycast Technology Company and Uniroyal Technology Corp.), (iii) Uniroyal Chemical Company, Inc. (including Uniroyal Chemical Acquisition Corporation, Avery, Inc., Chemtura Corporation, and Laxness AG), (iv) Michelin North America, Inc., (v) Uniroyal Textiles (including Dominion Textile, Polymer Group, Inc., Blackstone, Avintiv, Inc., Berry Global Group, Inc., and Amcor PLC), (vi) Uniroyal-Goodrich Tire Company, or (vii) Uniroyal Properties Company, Inc., or for the foregoing (a)(i)-(vii) any of their affiliates, or (b) Michelin and any of its past, present and future Affiliates, parent and subsidiary entities, related parties, successors, board members, executives, and shareholders solely in their capacity as such; provided, however, that the exclusions set forth in clauses (a) through (b) shall apply only to the extent such party is not listed on Schedule 2 of the Plan.

"**Releasing Parties**" means, collectively, and in each case solely in their respective capacities as such: (1) each Released Party; (2) each holder of a Claim in Class 1, Class 2, or Class 3 that has not filed an objection to the release contained in section 9.2 herein prior to the deadline to submit a ballot to accept or reject the Plan or timely submitted a Release Opt-Out; (3) each holder of a Claim in Class 4 that did not check the Release Opt-Out on its ballot; and (4) each Related Party of an Entity in clauses (2) through (3) solely to the extent that such Entity is legally entitled to bind such Related Party to the releases contained in section 9.2 herein.

# Appendix B

## Opt-Out Form

OPTIONAL: **Opt-Out Form**

**You are receiving this Opt-Out Form because you are a Holder of a Claim that is not entitled to vote on the** *Joint Chapter 11 Plan of Uniroyal Holding, Inc. and Great Hill Corporation* [Docket No. 18] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**").

Section 9 of the Plan contains release, exculpation, and injunction provisions as set forth in Appendix A.

**This election allows you to:**

**OPT OUT OF THE THIRD-PARTY RELEASES IN THE PLAN, WHICH WILL DISQUALIFY YOU FROM BEING SUBJECT TO AND BENEFITING FROM THE THIRD-PARTY RELEASES IN SECTION 9.2 OF THE PLAN. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASES BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, AND THE RELEASED PARTIES AS PROVIDED IN THE PLAN.**

**Complete and return this Opt-Out Form if you wish to elect to opt out of the Third-Party Releases contained in section 9.2 of the Plan and described in Appendix A.**

*Summary of Election*

Section 9.2 of the Plan contains a Third-Party Release that binds releasing parties, which is described in Appendix A.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE**

**UNLESS YOU COMPLETE AND RETURN THIS OPT-OUT FORM BY OCTOBER 27, 2026, YOU WILL BE DEEMED TO HAVE GRANTED THE THIRD-PARTY RELEASES CONTAINED IN SECTION 9.2 OF THE PLAN.**

*Instructions for Making a Third-Party Release Opt-Out Election*

If you wish to make the election and opt out of granting the Third-Party Releases contained in section 9.2 of the Plan and described in Appendix A, check the box under "Your Election" below. If your election contained in this Opt-Out Form is not received by the Balloting Agent by October 27, 22026, your election will not count, your Opt-Out Form will not be effective, and you will be deemed to have consented to the Third-Party Releases provided for in section 9.2 of the Plan. If your election is received and the Opt-Out box below is not checked, you will be deemed to have consented to the Third-Party Releases provided for in section 9.2 of the Plan. Any Opt-Out election that is illegible or does not provide sufficient information to identify the Claim Holder or Interest Holder will not be valid.

All questions as to the validity, form, eligibility (including time of receipt), and acceptance and revocation of an Opt-Out election will be resolved by the Debtors in consultation with the Committee, which resolution will be final and binding.

If you have any questions on how to properly complete this Opt-Out Form, you may contact the Balloting Agent at (888) 741-5787 (US & Canada toll free) and (747) 400-0068 (International) or by e-mail at UniroyalInquiries@OmniAgnt.com (with "Uniroyal Solicitation" in the subject line).

**IF YOU WISH TO MAKE THE OPT-OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By First Class Mail:**

**Uniroyal Holding, Inc., Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Avenue, Suite 100**
**Woodland Hills, CA 91367**

**By Hand Delivery:** To arrange hand delivery of your Opt-Out Form, please email UniroyalInquiries@OmniAgnt.com (with "Uniroyal Solicitation" in the subject line) at least 24 hours prior to your arrival at the Balloting Agent address above and provide the anticipated date and time of delivery.

***OR***

**By Electronic, Online Submission:**

**Please visit https://omniagentsolutions.com/Uniroyal. Click on the "Balloting" tab of the Debtors' website, select "Electronic Opt-Out" and follow the directions to submit your Opt-Out Form. If you choose to submit your Opt-Out Form via the Opt-Out Portal, you should NOT also return a hard copy of your Opt-Out Form. The "Opt-Out Portal" is the sole manner in which this Opt-Out Form will be accepted via electronic or online transmission, unless you have received prior written permission from the Debtors to submit your Opt-Out Form using an alternative method. Opt-Out Forms submitted by facsimile or email will not be counted, unless you have received prior written permission from the Debtors to submit your Opt-Out Form via these methods.**

**THE BALLOTING AGENT MUST ACTUALLY RECEIVE YOUR OPT-OUT ELECTION ON OR BEFORE THE OPT-OUT DEADLINE.**

*Opt-Out Election*

The undersigned, a Holder of a Secured Claim, Other Priority Claim, General Unsecured Claim, or Interest:

☐ ELECTS TO **OPT OUT** OF THE THIRD-PARTY RELEASES IN SECTION 9.2 OF THE PLAN AND, AS A RESULT, NOT BE SUBJECT TO OR BENEFIT FROM THE THIRD-PARTY RELEASES UNDER SECTION 9.2 OF THE PLAN.

**If you have made the election above, you must complete and sign the below certification.**

**Certification and Signature for Opt-Out Election**

**Certification.** By signing this Opt-Out Form, the electing Holder of Claims or Interests, as applicable, certifies to the Court and the Debtors:

a. that the Holder acknowledges that the election provided for in this Opt-Out Form is being made pursuant to the terms and conditions set forth in the Plan;
b. that the Holder has the full power and authority to make the election provided for in this Opt-Out Form with respect to its Class 1, Class 2, Class 3, or Class 6 Claims or Interests.

Name of Holder (Please Print or Type) ________________________________

Authorized Signature ________________________________

Name of Signatory (if other than Holder) ________________________________

Title, (if other than Holder)[1] ________________________________

Street Address ________________________________

City, State, Zip Code ________________________________

Telephone Number ________________________________

Email ________________________________

Date Completed ________________________________

[1] If you are completing this Opt-Out Form on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.