**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Samuel A. Newman (admitted *pro hac vice*)
Michael C. Godbe (admitted *pro hac vice*)
Evan M. Raskin (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
nlabovitz@debevoise.com
snewman@debevoise.com
mcgodbe@debevoise.com
emraskin@debevoise.com

*Co-Counsel to the Debtors and Debtors in Possession*

**DUANE MORRIS LLP**
Morris S. Bauer (NJ Bar No. 039711990)
Drew S. McGehrin (NJ Bar No. 196852016)
Klara Bradbury (admitted *pro hac vice*)
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2000
msbauer@duanemorris.com
dsmcgehrin@duanemorris.com
kbradbury@duanemorris.com

*Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| UNIROYAL HOLDING, INC., *et al.*,[1] | Case No. 26-18668 (MBK) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN SCHEDULES TO THE MODIFIED JOINT CHAPTER 11 PLAN OF UNIROYAL HOLDING, INC. AND GREAT HILL CORPORATION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully state as follows in support of this motion:

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), (a) authorizing the Debtors to redact from Schedule 4 to the Plan (as

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Uniroyal Holding, Inc. (8485) and Great Hill Corporation (9024). The mailing address for each Debtor for purposes of these chapter 11 cases is 70 Great Hill Road, Naugatuck, CT 06770.

defined below) (the "**Schedule**") information identifying and describing certain settlement agreements and liability assumption agreements (collectively, the "**Confidential Agreements**"), and to file the redacted version of the Schedule on the docket in the Chapter 11 Cases (as defined below); (b) authorizing the Debtors to file an unredacted copy of the Schedule under seal; and (c) ordering that the redacted portions of the Schedule remain confidential and not be made available to anyone other than the Court, the United States Trustee, and, solely with respect to the information concerning its own Confidential Agreement, each applicable counterparty. All other entries on the Schedule will remain unredacted on the public docket.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended June 6, 2025 (Bumb, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this motion are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**"), and the *General Order Governing Chapter 11 Complex Case Procedures*, dated August 1, 2024, and amended December 2, 2025.

## Background

5. On July 31, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no statutory committees have been appointed or designated.

7. On July 31, 2026, the Debtors filed an original version of the consensual chapter 11 plan [Docket No. 18] (as amended or otherwise modified from time to time, the "**Plan**").

8. The Plan provides for, among other things, (a) satisfaction of all non-PI/WD Claims against the Debtors in full; (b) the establishment of a settlement trust (the "**Trust**") to assume, administer, and resolve PI/WD Claims; and (c) the dissolution of the Debtors. On the effective date of the Plan (the "**Effective Date**"), the Trust will become the sole entity responsible for administering the pending PI/WD Claims. The hearing to consider confirmation of the Plan is currently scheduled for November 3, 2026, at 2:30 p.m. (ET).

9. Central to the Plan is the Trust, which is to be funded, in part, by the Debtors' rights and interests in, together with the proceeds of, the Confidential Agreements, which consist of prepetition settlements reached between the Debtors and various specified persons. The Confidential Agreements were documented pursuant to agreements subject to strict confidentiality provisions such that the Debtors are impaired from discussing, in any detail, the nature of such agreements.

## Basis for Relief Requested

10. Section 107(b) of the Bankruptcy Code provides, in pertinent part:

> On the request of a party in interest, the bankruptcy court shall… (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information….

11. Bankruptcy Rule 9018, in turn, explains the process by which a party in interest may seek relief under Bankruptcy Code section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires … to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…

12. Once it is established that information sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *In re ESML Holdings Inc.*, 135 F.4th 80, 96 (3d Cir. 2025) ("Second, § 107(b) uses the mandatory term 'shall' to direct the bankruptcy court's protection of the categories of information that follow, meaning the bankruptcy court lacks discretion to decline to protect covered information.").

13. Stated differently, the Bankruptcy Code does not require a party seeking protection to demonstrate cause. *Orion Pictures*, 21 F.3d at 28. In fact, if information qualifies as commercial information under Bankruptcy Code section 107(b), then "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27; *accord In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

14. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential

documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

15. This protection applies with particular force to settlements whose terms the parties have expressly agreed to keep confidential. Where, as here, a settlement is subject to a contractual confidentiality provision, courts recognize that public disclosure of its terms would expose the settling parties to the very competitive and commercial harms that section 107(b) is designed to prevent and would undermine the benefit of the bargain for which the parties contracted. *See Glob. Crossing*, 295 B.R. at 724 (confirming that a bankruptcy court's authority under section 107(b) extends to confidentiality restrictions warranted in the interests of justice and is not limited to trade secrets).

16. In addition, under Bankruptcy Code section 105(a), the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17. The Debtors submit that the Schedule that contains or otherwise describes the Confidential Agreements falls within the scope of information that the Court may protect pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.

18. The Confidential Agreements contain provisions requiring the terms thereof to remain strictly confidential. Public disclosure of the counterparties to, and the nature, terms, and conditions of, the Confidential Agreements would risk placing the Debtors in breach of their contractual obligations to such counterparties and exposing the Debtors and their estates to liability for that breach.

19. Moreover, the relief requested will not prejudice any party in interest. The details that the Debtors seek to redact have no bearing or impact on the ultimate outcome contemplated under the Plan or distributions to be made on account of holders of PI/WD Claims.

20. Sealing the confidential terms of the Confidential Agreements also advances the Debtors' intention to efficiently and expeditiously proceed through these cases. Because the Confidential Agreements are the funding source for the Trust central to the Plan, compelling public disclosure of their confidential terms would risk placing the Debtors in breach of their contractual obligations to the counterparties to the Confidential Agreements and exposing the Debtors to liability for that breach.

21. Accordingly, the Debtors request entry of the Proposed Order authorizing them to redact discrete information regarding the Confidential Agreements from the version of the Schedule that will be available on the public docket in these Chapter 11 Cases.

## Reservation of Rights

22. The Debtors reserve all of their rights, claims, defenses, and remedies, including, without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

## Notice

23. The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for Region 3; (b) the counterparties to the Confidential Agreements; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**<u>No Prior Request</u>**

24. No prior request for the relief sought in this motion has been made to this Court or any other court.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form attached as **Exhibit A** and (b) grant such other and further relief as is just and proper.

Dated: October 30, 2026

By: /s/ *Drew S. McGehrin*
**DUANE MORRIS LLP**
Morris S. Bauer (NJ Bar No. 039711990)
Drew S. McGehrin (NJ Bar No. 196852016)
Klara Bradbury (admitted *pro hac vice*)
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2000
Email: msbauer@duanemorris.com
dsmcgehrin@duanemorris.com
kbradbury@duanemorris.com

-and-

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice*)
Samuel A. Newman (admitted *pro hac vice*)
Michael C. Godbe (admitted *pro hac vice*)
Evan M. Raskin (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Email: nlabovitz@debevoise.com
snewman@debevoise.com
mcgodbe@debevoise.com
emraskin@debevoise.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*